595 A.2d 1211

**GEMINI EQUIPMENT CO., Appellant,**

**v.**

**PENNSY SUPPLY, INC.**

**GEMINI EQUIPMENT CO.**

**v.**

**PENNSY SUPPLY, INC., Appellant.**

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed Aug. 1, 1991.

Reargument Denied Sept. 20, 1991.

406

David J. Foster, Lemoyne, for appellant in No. 324 and appellee in No. 369.

Ronald Katzman, Harrisburg, for appellant in No. 369 and appellee in No. 324.

Before JOHNSON, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal and cross-appeal from the judgment entered granting appellant possession of the automobile in question but denying appellant the award of special damages. We affirm.

On appeal, appellant, Gemini Equipment Company ("Gemini") raises the sole issue of whether the lower court erred in denying special damages in a replevin action after having found appellant entitled to possession of an automobile unlawfully detained by Pennsy Supply, Inc. ("Pennsy"). Cross-appellant Pennsy asks this court to consider this same issue as well as the following three questions: (1) whether Gemini has waived all issues by failing to file Post–Trial Motions; (2) whether the lower court erred in finding that Gemini was entitled to immediate possession of the car;

and (3) whether the lower court erred in precluding Pennsy from presenting certain evidence. We will consider each issue below.

This case began as an action in replevin which Gemini brought to recover an automobile owned by Gemini but leased to Pennsy. Gemini and Pennsy had entered into a written agreement dated February 12, 1984 whereby Gemini agreed to lease a new automobile to Pennsy in return for a monthly sum of $1,576.65 plus $94.60 tax. The lease was originally intended to run from December 30, 1983 thru December 31, 1986. In fact, Pennsy made monthly payments to Gemini thru December, 1987. However, Pennsy claims that the 1987 payments were made pursuant to a separate oral agreement between Pennsy's original president, Robert M. Mumma (now deceased) and Gemini's president Robert M. Mumma, II. Gemini disputes the existence of such an agreement.

Gemini filed an action in replevin in August, 1988, claiming that Pennsy unlawfully possessed the car owned by Gemini. Additionally, Gemini sought special damages in the way of costs and interest from Pennsy's unlawful possession of the automobile. Pennsy argued that Gemini's failure to renew the automobile's registration constituted a breach of the lease agreement thereby excusing Pennsy from making further payments. A non-jury trial was held before the Honorable Sebastian D. Natale of the Dauphin County Court of Common Pleas on November 20, 1989. By order dated April 26, 1990, the lower court ruled that Pennsy was improperly in possession of the vehicle and ordered the corporation to return it to Gemini. However, Judge Natale refused to award special damages to Gemini, concluding that Gemini's refusal to renew the registration resulted in the car being undrivable. As a result, Pennsy owed no money to Gemini and Judge Natale ordered Gemini to assume all costs incurred from the car's detention. Lower Court slip opinion filed 4/26/90 at 3.

On May 4, 1990, Gemini filed a "Petition for Reconsideration of April 26, 1990 Opinion and Order" requesting the

lower court to reconsider both its refusal to award special damages and protesting the presence of superfluous comments found in the lower court opinion. In response to this petition, Pennsy, on May 14, 1990, filed a Motion to Quash said Petition and, in the alternative, an Answer to Gemini's Petition. In conjunction therewith, Pennsy also filed a Motion for Post Trial Relief raising several errors of law committed by the lower court. Gemini subsequently filed an answer to Pennsy's motion to quash the petition for reconsideration.

On May 24, 1990, while the above-mentioned motions were still pending, Gemini entered judgment against Pennsy pursuant to the April 26, 1990 Opinion and Order.[1] Less than a week later, Gemini filed a timely appeal to this court to which Pennsy filed a cross-appeal. By an order dated July 16, 1990, the lower court advised the parties to submit briefs in support of their Post–Trial Motions. In a subsequent opinion filed July 25, 1990, Judge Natale declared the order of July 16 to be null and void and denied the parties' Post–Trial Motions.[2]

■ We first address Pennsy's claim that Gemini has waived all issues by failing to file proper post-trial motions pursuant to Pa.R.C.P., Rule 227.1, 42 Pa.C.S.A. Under

1. Judge Natale aptly pointed out in his Memorandum of July 25, 1990, that this action by Gemini blatantly violates Pa.R.C.P., Rule 227.4(1), 42 Pa.C.S.A., which prohibits the entering of a judgment if timely post-trial motions are filed.

2. Our supreme court has noted that, as a general matter: "it is the order of the trial court disposing of a motion for post-trial relief that has been reduced to judgment which comprises the final order in the case from which an appeal must be filed within thirty days." *McCormick by McCormick v. Northeastern Bank*, 522 Pa. 251, 254 n. 1, 561 A.2d 328, 330 n. 1 (1989). In this case, Gemini filed its appeal to us from the judgment entered on the lower court's order of April 26, 1990. The proper method of appeal was for appellant to wait until the trial court ruled on the parties' post-trial motions, enter judgment on that ruling, then file an appeal to this court. However, the procedural irregularities present in the instant case have not significantly hampered our ability to review the issues raised. Thus "in the interests of judicial economy, we shall regard as done that which should have been done." *Id.* Therefore we will consider the merits of the parties' contentions despite the posture of the case.

Rule 227.1(b), post-trial relief may not be granted unless the reasons therefore are properly raised in a valid motion. Pennsy argues that in lieu of filing post-trial motions, Gemini entered judgment on the lower court's order. By so doing, Pennsy claims that Gemini has waived all issues raised in its brief to this court. We disagree.

Under Rule 227.1(a)(4), a post-trial motion may ask the court to affirm, modify or change its decision. In substance, Gemini's "Petition for Reconsideration" was intended to perform this function. Had Gemini properly labeled its petition as a "Motion for Post–Trial Relief," Pennsy could have no dispute with its validity. We will not construe the rules of procedure so narrowly as to allow a minor procedural error to affect the substantive rights of the litigants.[3] Pa.R.C.P., Rule 126, 42 Pa.C.S.A. For these reasons, we find that the parties have filed proper post-trial motions and all issues are thereby preserved for this appeal.[4]

Our next issue for consideration is whether the lower court erred by not awarding special damages to Gemini after having concluded that Gemini was entitled to immediate possession of the automobile. Gemini argues that Pa. R.C.P., Rule 1085(b), 42 Pa.C.S.A. (governing judgment after a replevin trial) mandates the award of damages after a finding that a party is in wrongful possession of property. The thrust of this argument is that by failing to comply with the language of the replevin statute, the trial court

3. We note that if we found Gemini's Petition for Reconsideration not to be a valid post-trial motion, then it would also have been necessary to find Pennsy's post-trial motion invalid as untimely filed. Pa.R.C.P., Rule 227.1(c), 42 Pa.C.S.A.

4. We do wish to warn the parties that this action is fraught with procedural irregularities that have not gone unnoticed by this court. As such disregard for the rules of procedure calls into question the propriety of counsel's professional credibility, "we remind the parties ... that the rules are mandatory, not directory, and that in an appropriate case we will not hesitate to impose sanctions, including the draconian remedy of dismissing the appeal. *See, e.g.,* Pa.R.A.P. 2188." *Pleet v. Valley Greene Associates,* 371 Pa.Super. 530, 531 n. 1, 538 A.2d 567, 568 n. 1 (1988).

committed an error of law. We find appellant's argument unpersuasive.

We note initially that our scope of review is quite limited in cases in which the final order of the trial judge is called into question. We are bound by the findings of the trial court which have adequate support in the record, so long as the findings do not evince capricious disregard for competent and credible evidence. *In re J.W.*, 396 Pa.Super. 379, 387, 578 A.2d 952, 956–57 (1990). The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *Id.* However, this court is not bound by the trial court's conclusions of law. *Minteer v. Wolfe*, 300 Pa.Super. 234, 238, 446 A.2d 316, 318 (1982). We may draw our own conclusions from the facts as established. *Id.*

The lower court concluded that Gemini was not entitled to special damages because their actions precluded Pennsy from using the car for an extended period of time. The lease agreement entered into by the parties required Pennsy to make rental payments for *use* of the vehicle. By not renewing the car's registration, Gemini prevented Pennsy from using the automobile, thereby excusing Pennsy from making rental payments on the car. Equitable principles are applicable to a legal action in replevin. *See Brandywine Lanes, Inc. v. Pittsburgh National Bank*, 220 Pa.Super. 363, 284 A.2d 802 (1971). The trial court was correct in ruling that it would be unfair to reward Gemini for abrogating the contract by awarding damages to the party who initiated the breach. *See Sprague v. Casey*, 520 Pa. 38, 46, 550 A.2d 184, 188 (1988) ("He who seeks equity must do equity.") Since we find no error of law in the lower court's ruling, we hereby affirm the denial of special damages.

Next, cross-appellant Pennsy argues that the lower court's finding that Gemini was entitled to possession of the vehicle was against the weight of the evidence. Pennsy

contends that testimony was offered in court which clearly suggests the existence of a buy-out agreement. Further, Pennsy submits that they have complied with the terms of this agreement and are therefore entitled to possession of the automobile. We disagree.

We note initially that our scope of review on a weight of the evidence claim is very limited. We will respect the trial court's findings with regard to credibility and weight of the evidence unless it can be shown that the lower court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence. *Ecksel v. Orleans Construction Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987). The traditional standard for a weight of the evidence inquiry is whether the verdict is so contrary to the evidence as to shock one's sense of justice. *Smith v. Brooks*, 394 Pa.Super. 327, 344, 575 A.2d 926, 935 (1990).

Pennsy contends that the trial testimony of Ms. Marita Espenshade, Gemini's bookkeeper in 1986–87, clearly indicates the existence of a buy-out agreement between the two parties.[5] Ms. Espenshade testified to the presence of a file containing the automobile lease agreement. She also testified about a piece of paper containing the signatures of both Mr. Mumma and his son, Robert Mumma, II. When asked about the contents of this paper, however, Ms. Espenshade stated that she had not read it nor did she know of its contents. Pennsy asks us to infer from this testimony that the piece of paper in question was the alleged buy-out agreement. Such a broad leap of faith is beyond our

5. Pennsy also relies on the deposition testimony of Mr. William Boswell. Mr. Boswell's deposition transcript, however, is contained only in the supplemental, not certified, record. Paper may not be made part of the record simply by reproducing it. *Dorn v. Stanhope Steel, Inc.*, 368 Pa.Super. 557, 563 n. 1, 534 A.2d 798, 801 n. 1 (1987), *allocatur denied*, 518 Pa. 656, 544 A.2d 1342 (1988). An appellate court may consider only facts which have been duly certified in the record on appeal. *Button v. Button*, 378 Pa.Super. 142, 145, 548 A.2d 316, 318 (1988), *citing Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); *Barner v. Barner*, 364 Pa.Super. 1, 9, 527 A.2d 122, 126 (1987). *See* Pa.R.A.P., Rule 1921, 42 Pa.C.S.A. (Composition of record on appeal). As Mr. Boswell's deposition has not been made a part of the certified record, we may not consider it.

powers, however. We find instead that the trial court's determination that Gemini was entitled to the car was consistent with the evidence presented in the certified record. Accordingly, we affirm.

Our final issue for consideration is whether the lower court erred in excluding relevant evidence which would have compelled the finding of an oral buy-out agreement. Pennsy contends that in precluding the testimony of Mrs. Barbara McK. Mumma and Mr. Harry Lake, the lower court incorrectly applied the statute of frauds and the parol evidence rule as well as rules against hearsay evidence. The crux of Pennsy's argument is that the parol evidence rule does not apply in this situation as the buy-out agreement was never intended to be covered by the written lease. The general rule governing the admission of such evidence is that parol evidence of a contemporaneous oral agreement is not admissible to alter, vary, add to, modify, or contradict a written instrument complete within itself unless the oral agreement was omitted through fraud, accident, or mistake. *Bokser v. Lewis*, 383 Pa. 507, 119 A.2d 67 (1956), *cert. denied*, 351 U.S. 965, 76 S.Ct. 1031, 100 L.Ed. 1485 (1956). Moreover, parol evidence is inadmissible to show a contemporaneous oral agreement which, if made, would naturally and normally have been contained in the written agreement between the parties. *Universal Film Exchanges, Inc. v. Viking Theatre Corp.*, 400 Pa. 27, 161 A.2d 610 (1960); P.L.E. Evidence § 312. Thus the written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements are admissible to explain or vary the terms of such a contract. *McGuire v. Schneider, Inc.*, 368 Pa.Super. 344, 534 A.2d 115 (1987), *aff'd per curiam* 519 Pa. 439, 548 A.2d 1223 (1988) (citations and footnotes omitted).

Our standard of review for rulings on the exclusion of evidence is very narrow. An appellate court will reverse the ruling of the trial court only for an abuse of discretion or error of law. *Concorde Investments v. Galla-*

*gher,* 345 Pa.Super. 49, 56, 497 A.2d 637, 641 (1985). Pennsy contends that the parol evidence rule does not apply in this situation merely by the fact that the written lease agreement does not discuss the terms of a buy-out. It is precisely this absence, however, which leads us to believe that such an agreement was never reached. We take judicial notice of the common practice in the automobile leasing industry of inserting a buy-out provision in the lease agreement. We draw the parties' attention to the example provided in Black's Law Dictionary for the term "Bailment Lease." To quote: "This right or option is common in auto lease agreements." Black's Law Dictionary, p. 129 (West 5th Ed.1979). Parol evidence is not admissible to show an agreement which normally is found in the written instrument. *Universal Film Exchanges, Inc., supra.*

 Upon a thorough examination of the contract in question, we find no ambiguities which warrant the admission of either Mrs. Mumma's or Mr. Lake's testimony. The contract runs for a definite period of time,[6] contains a fixed rental price and outlines the respective parties' rights and obligations. The only item missing from the written lease is an integration clause. As we find neither ambiguous language nor unclear terms, we conclude that this instrument is an unambiguous and fully integrated contract which embodies the full intent of the parties. *See, e.g., McGuire v. Schneider, Inc., supra.* Accordingly, we hold that the trial court properly excluded the parol evidence to which Mrs. Mumma and Mr. Lake would have testified and we affirm on this issue.

Pennsy also claims that the trial court improperly applied the Statute of Frauds and various rules against hearsay evidence in excluding the above-mentioned testimony. Be-

6. We do not believe that the "or more" clause referred to by Pennsy renders the time provision of this contract ambiguous. We construe this clause to mean simply that the parties may continue to lease the automobile for a period of time after the three year designation has been completed. The actual length of this extended time period is to be determined by the parties and appears to be on a month-to-month basis.

cause the proffered testimony is precluded by the parol evidence rule, we need not consider these latter contentions.

Judgment affirmed.