619 A.2d 743

**Barbara Ann DAVIS, Appellant,**

v.

**Glenn R. DAVIS and John William Beyer.**

Superior Court of Pennsylvania.

Argued Sept. 23, 1992.

Filed Jan. 8, 1993.

412

Paul G. Campbell, Lancaster, for appellant.

Robert D. Beyer, Lancaster, for appellees.

Before WIEAND, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order sustaining appellees' demurrer and dismissing appellant's complaint. Appellant, Barbara Davis, contends that the trial court erred in sustaining appellees', Glenn Davis and John Beyer,[1] demurrer to appellant's complaint and, in the alternative, that the trial court improperly refused to permit appellant to amend her complaint. For the reasons set forth below, we affirm.

The relevant facts in this case are as follows. Barbara Davis and Glenn Davis were married on October 22, 1983. On August 1, 1985, Glenn Davis ("appellee-Davis") filed for divorce. After years of negotiations between the parties, a hearing before a divorce master was held on March 21, 1991, at which time the agreement of the parties was placed on the record. At this hearing, appellant and appellee-Davis agreed to the following property settlement:

> The parties own a piece of real estate ... at 1765 Windy Hill Road in Lancaster, Pennsylvania. All of [appellant's] right, title and interest to that real estate will be conveyed to [appellee-Davis] in consideration for the sum of twenty-five thousand dollars.... In addition, the parties are the owners of a twenty-foot SeaRay boat. [Appellee–Davis] will convey any right or interest in that boat to [appellant].... [Appellant] will withdraw any outstanding claims as we have just covered and the divorce will proceed on [appellee-

---

1. John Beyer was Glenn Davis' attorney throughout the property settlement negotiations.

Davis'] original complaint in the 201(c) consentual [sic] basis.

Appellee–Davis' Brief, Exhibit A, 2/3/92, at 6–7.

On May 21, 1991, the divorce master filed his report with the trial court incorporating the terms of the agreement as provided at the hearing. Husband and wife had further disagreements and, as a result, on June 18, 1991, both appellant and appellee-Davis signed the Addendum to the Property Settlement Agreement ("Addendum") which provided: [2]

The parties now desire to resolve the differences that have arisen between them subsequent to the agreement reached on March 21, 1991, and to enter into a written agreement evidencing the terms and conditions of that resolution.

Now, therefore, in consideration of the mutual benefits to be derived here from, the parties hereto agree as follows:

1. Husband agrees to pay to Wife the sum of Twenty–Six Thousand Dollars ($26,000.00) in exchange for Wife's interest in the marital real estate located at 1756 Windy Hill Road.

By execution of this Agreement, Husband acknowledges receipt of signed Deed from counsel for Wife on or about June 12, 1991.

2. Husband shall retain all ownership interest in the Sea Ray boat and Wife agrees to waive any and all claim to that boat.

3. Wife agrees to execute any documents necessary to withdraw the Exceptions to the Divorce Master's Report which are presently pending in the Court of Common Pleas of Lancaster County, Pennsylvania, and further to withdraw any and all Exceptions to a Recommended Order for Alimony Pendente Lite....

2. We point out that the terms of the Divorce Master's Report are expressly incorporated into the Addendum to the extent that they are not inconsistent with the terms of the Addendum. Accordingly, when referring to the Addendum, we are also referring to the incorporated terms of the Divorce Master's Report.

4. Husband agrees to pay to Wife the aforementioned Twenty–Six Thousand Dollars ($26,000.00) no later than July 11, 1991.

. . . . .

6. All other terms and provisions of the Divorce Master's Report not inconsistent with the terms of this Agreement shall be incorporated therein.

Appellant's Amended Complaint, Exhibit A, 1–9–92, at 2–3.

·On December 12, 1991, appellant brought an action against appellee-Davis for breach of contract and against appellees for willful, intentional and fraudulent misrepresentations, seeking both special and punitive damages as well as specific performance on the contract. Appellees filed preliminary objections in the form of a demurrer and motions to strike. On January 9, 1992, appellant filed an amended complaint. Subsequently, on January 27, 1992, appellees filed a second set of preliminary objections in the form of a demurrer and motions to strike various paragraphs of the complaint. As a result of the preliminary objections, appellees' demurrer was granted and appellant's complaint was dismissed with prejudice on March 10, 1992. This timely appeal followed.

Appellant's first contention is that the trial court erred in granting appellees' demurrer and dismissing the complaint. We disagree.

In examining an order granting preliminary objections, our standard of review is as follows:

A preliminary objection in the nature of a demurrer is not to be sustained and the complaint dismissed unless the law says with certainty that no recovery is possible. Therefore, if any theory of law will support the claim raised by the petition, a dismissal is improper . . . .

For the purpose of our review of a dismissal on the pleadings in the nature of a demurrer, [all well-pleaded facts], except to the extent that they constitute conclusions of law, must be taken as true[.]

*Cianfrani v. Com., State Employees' Retirement Bd.,* 505 Pa. 294, 297, 479 A.2d 468, 469 (1984); *see also Philmar Mid–*

*Atlantic v. York St. Associates II,* 389 Pa.Super. 297, 300–301, 566 A.2d 1253, 1254 (1989).

In count I of appellant's amended complaint, appellant pleads that "[b]y failing to satisfy the first mortgage on the estate in the names of both [appellant] and [appellee-Davis], [appellee-Davis] failed to comply *with the terms of the Addendum to the Property Settlement Agreement.*" Appellant's Amended Complaint, 1–9–92, at 12 (emphasis added).

The Addendum, however, makes no reference to any obligation on the part of appellee-Davis to refinance the mortgaged property and thereby release appellant from personal liability on the property. *See* Appellant's Amended Complaint, Exhibit A, 1–9–92, at 1–8. Since the terms of the Addendum which allegedly were not complied with never required appellee-Davis to refinance, appellant's claim as pleaded is legally insufficient.

Nonetheless, our analysis does not end here. In order to dismiss an action with prejudice by granting a preliminary objection in the form of a demurrer, we must find that *no* theory of law would support the claim raised by appellant. *See Cianfrani* 505 Pa. at 297, 479 A.2d at 469. While appellant's first count alleges that the literal terms of the Addendum were not complied with, we must also consider whether any obligations existed outside the written contract.

Earlier in the amended complaint, appellant alleges that appellees made repeated oral promises that they would refinance the property. Although there was no mention of these promises in the Addendum, appellant might contend that they were antecedent or contemporaneous understandings which were intended to vary the terms of the Addendum. While this court could grant leave for appellant to amend her pleading on this basis, such a procedure would be pointless.

The parol evidence rule "forbids the introduction of parol evidence of antecedent or contemporaneous agreements, negotiations and understandings of the contracting parties for the purposes of varying or contradicting the terms of a contract which both parties intended to represent the definite

and complete statement of their agreement." *Am. Bank & Trust Co. of Pa. v. Lied,* 487 Pa. 333, 340, 409 A.2d 377, 381 (1979) (citation omitted).

For purposes of the parol evidence rule, the Addendum is a "definite and complete" contract. First, its terms are clear and unambiguous. *See Gemini Equip. v. Pennsy Supply,* 407 Pa.Super. 404, 413, 595 A.2d 1211, 1215 (1991) ("[T]he written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements are admissible to explain or vary the terms of such a contract."); *McGuire v. Schneider, Inc.,* 368 Pa.Super. 344, 534 A.2d 115 (1987), *affirmed per curiam* 519 Pa. 439, 548 A.2d 1223 (1988) (citations and footnotes omitted). The manner of the transfer of ownership of the property, the cost of the transfer to appellee-Davis and the respective rights and obligations of the parties are outlined in the written agreement. Furthermore, the Addendum clearly represents that it is an agreement encompassing the entire equitable distribution. *See* Appellant's Amended Complaint, Exhibit A, 1–9–92, at 8 ("All the claims of the parties are settled in accordance with the foregoing outline of the settlement agreement of the parties and as contained in the Record of Testimony of this case.").

In addition, the alleged refinancing promise in the instant case is a condition which would naturally be included in such a specific and comprehensive agreement as the Addendum: the question of refinancing directly relates to the transferee's obligation to the transferor of property in a settlement agreement. *See Gemini* 407 Pa.Super. at 413, 595 A.2d at 1215 (citations omitted) ("[P]arol evidence is inadmissible to show a contemporaneous oral agreement which, if made, would naturally and normally have been contained in the written agreement between the parties."); *Universal Film Exchanges, Inc. v. Viking Theatre Corp.,* 400 Pa. 27, 161 A.2d 610 (1960). Since the parol evidence rule applies in the instant action, evidence of appellees' alleged promises of refinancing would not be admissible to alter the terms of the Addendum. Ac-

cordingly, there is no theory of law which would support appellant's claim in count I.

Likewise, appellant is not entitled to any legal recovery under counts II or III. The second and third counts of appellant's complaint allege that appellees "willfully, intentionally, maliciously and fraudulently misrepresented to [appellant] that [they] intended to satisfy the first mortgage in [the] Addendum to the Property Settlement Agreement and in all [their] negotiations concerning this agreement." Appellant's Amended Complaint at 14 and 16.

In stating a cause of action for fraud, the plaintiff must allege the following elements:

(1) a misrepresentation;

(2) a fraudulent utterance thereof;

(3) an intention by the maker that the recipient will thereby be induced to act;

(4) justifiable reliance by the recipient upon the misrepresentation; and

(5) damage to the recipient as the proximate result.

*Brindle v. West Allegheny Hospital,* 406 Pa.Super. 572, 574, 594 A.2d 766, 768 (1991) (citation omitted).

While appellant has pleaded facts sufficient to support four of the required elements, appellant provides no support to show that she "justifiably relied upon" appellees' misrepresentations. Appellant claims that because of appellees' misrepresentations, she was induced to sign the Addendum and to apply for a mortgage which was refused because of appellee-Davis' failure to refinance. Appellant's reliance is unjustified.

First, appellant was represented by able counsel both at the hearing before the divorce master and at the time of the signing of the Addendum. Moreover, she maintained adversarial relations with appellee-Davis. Finally, the Addendum specifically encompassed all property settlement claims. There was absolutely no mention of refinancing at the hearing before the divorce master, in the Divorce Master's Report or

in the Addendum. In light of the exclusion of such an important element of settlement, appellant was effectively put on notice that appellees' promises were insincere.[3]

■ Appellant's second contention is that even if she failed to state a legally sufficient claim, she should be given the opportunity to amend her complaint. This court has required that "[i]n order to sustain preliminary objections in the nature of a demurrer and dismiss the complaint without leave to amend 'it must appear with certainty that, upon the facts averred the law will not permit recovery by plaintiff.'" *Schuylkill Products, Inc. v. H. Rupert & Sons, Inc.*, 305 Pa.Super. 36, 40, 451 A.2d 229, 231 (1982) (quoting *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 291, 259 A.2d 443, 449 (1969)) (citations omitted); *see also* Pa.R.Civ.P. No. 1028(c); Pa.R.Civ.P. No. 126. Because we have already found that there is no theory of law which would support any part of appellant's amended complaint, we are neither required to nor should we grant appellant leave to amend.

We affirm the order of the trial court granting appellees' preliminary objection in the form of a demurrer.

Order affirmed.

___

3. Appellant also argues that she spent $400 in filing for her own mortgage, which was denied because her name was on the mortgage at issue. However, appellant was on notice that appellees' promises might not be honored. Once on notice, appellant could have easily ascertained whether the property had indeed been refinanced before applying for her own mortgage.