663 A.2d 759

**Veryl Leo WOY, III,**

v.

**Patricia WOY.**

**Appeal of Thomas R. TAYLOR, Proposed Intervenor.**

Superior Court of Pennsylvania.

Submitted June 19, 1995.

Filed Aug. 17, 1995.

234

Mark J. Remy, Lewistown, for appellant.

Orris C. Knepp, III, Lewistown, for Veryl Woy, appellee.

Ralph A. Germak, McCallisterville, for Patricia Woy, appellee.

Before McEWEN, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order denying appellant Thomas R. Taylor's petition for intervention and special relief. We affirm.

Appellees Veryl Leo Woy, III and Patricia Woy, were married on November 21, 1988. Prior to separating in April of 1991, the couple had one child, Veryl Leo Woy, IV. In June of 1991, Patricia Woy met appellant Thomas R. Taylor at their place of employment. She and her son Veryl Woy, IV began to live with appellant at his mother's home in July of 1991. While there, Mrs. Woy learned that she was pregnant. In January or February of 1992, she returned to her husband's home. The child, John Wesley Woy, was born on June 17, 1992. For a brief period in July of 1992, Patricia Woy again resided with appellant. In August of 1992, however, she was diagnosed as paranoid schizophrenic and was involuntarily committed to the Mental Health Unit of Lewistown Hospital.

Appellee husband sought custody of the child Veryl Woy, IV. At the November 2, 1992 custody hearing, he orally amended the petition for custody to include John Wesley Woy. Mrs. Woy and her attorney agreed that primary legal and physical custody of both children should be awarded to hus-

band. On April 19, 1993, appellant Thomas Taylor filed a Petition for Intervention and Special Relief claiming paternity of John Wesley and requesting blood testing to ascertain the natural father's identity.[1] The lower court conducted a hearing on February 2, 1994 and denied appellant's petition by order dated April 8, 1994.

In this timely appeal, appellant challenges the propriety of that dismissal. Specifically, he claims to have rebutted the presumption that appellee husband is the child's father by establishing appellee's non-access to mother during the period of conception. As such, appellant continues, the trial court erred in refusing to compel appellee to submit to blood tests. We disagree. To the contrary, when a wife engages in sexual relations with a man, not her husband, during intermittent separations from her husband, a child born to her enjoys the "presumption of legitimacy" absent clear and convincing proof of the husband's inability to procreate or lack of access to his wife at the time of conception.

The presumption that a child born to a married woman is a child of the marriage, and therefore of the woman's husband is one of the strongest presumptions known to the common law. *John M. v. Paula T.*, 524 Pa. 306, 314, 571 A.2d 1380, 1384–85 (1990), *cert. denied*, 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990); *Everett v. Anglemeyer*, 425 Pa.Super. 587, 592, 625 A.2d 1252, 1255 (1993). The putative father can overcome this presumption only by clear and convincing evidence that a husband was incapable of procreation or had no access to his wife during the relevant period. *Everett*, 425 Pa.Super. at 592–93, 625 A.2d at 1255. Once the

1. The Uniform Act on Blood Tests to Determine Paternity stipulates:

   In any matter subject to this section in which paternity, parentage or identity of a child is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to the tests, the court may resolve the question of paternity, parentage or identity of a child against the party or enforce its order if the rights of others and the interests of justice so require.

   23 Pa.C.S.A. § 5104(c).

common law presumption is rebutted by clear and convincing evidence, blood tests become relevant to determine parentage. *McCue v. McCue,* 413 Pa.Super. 71, 78, 604 A.2d 738, 741 (1992), *appeal denied,* 531 Pa. 655, 613 A.2d 560 (1992) (noting that the common law requirement of non-access or impotence has not been eliminated by the enactment of 23 Pa.C.S.A. § 5104). Nevertheless, a party's right to a blood test is not absolute and must be balanced against competing societal or family interests. *McCue,* 413 Pa.Super. at 73, 604 A.2d at 739 (quoting *Donnelly v. Lindenmuth,* 409 Pa.Super. 341, 344, 597 A.2d 1234, 1235 (1991)).

Appellant attempted to overcome the presumption by illustrating not that husband was incapable of procreation, but that husband lacked access to mother at the time of conception. To that end, appellant relied on his own testimony and on that of his mother and Patricia Woy. According to appellant, between June of 1991 and January or February of 1992, he and Mrs. Woy were together "[t]wenty-four (24) hours a day, seven (7) days a week." N.T. 2/2/94 at 33. Appellant's mother confirmed that Patricia Woy lived in her home during that period. N.T. 2/2/94 at 27. Patricia Woy, on this occasion, agreed that she had engaged in sexual intercourse only with appellant at the time of conception. N.T. 2/2/94 at 15.

The testimony of a child's mother, if credible, may alone be sufficient to rebut the presumption. *Selm v. Elliott,* 411 Pa.Super. 602, 607 n. 2, 602 A.2d 358, 360 n. 2, 361 (1992) (trial court relied solely on testimony of mother to overcome the presumption after making a specific finding that mother's unrebutted testimony was credible). In this case, the lower court noted Mrs. Woy's contradictory declarations of paternity and found as a matter of fact that her testimony was not credible:

> [Patricia Woy] has indicated that Veryl Leo Woy, III, is the father of John Wesley, and she has indicated that Thomas R. Taylor is the father of John Wesley. [Patricia Woy] has held out to the community that Veryl Leo Woy, III, is the father of John Wesley, and has held out to the community that Thomas R. Taylor is the father of John Wesley.

In addition, while living with Mr. Taylor, the Respondent initiated a Support Action in the Juniata County Court of Common Pleas against Veryl Leo Woy, III, seeking support for John Wesley; then indicated to the Court that Mr. Woy was not the father of John Wesley. All of [her] statements regarding the paternity of John Wesley have been inconsistent.

Trial court opinion dated 4/4/94 at 4–5. Likewise, according to appellee husband's mother, Mrs. Woy has confessed that she is unsure of the identity of the child's natural father. N.T. 2/2/94 at 38.

The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations. *Fonzi v. Fonzi,* 430 Pa.Super. 95, 100, 633 A.2d 634, 637 (1993); *Gemini Equipment Co. v. Pennsy Supply, Inc.,* 407 Pa.Super. 404, 411, 595 A.2d 1211, 1214 (1991). Consequently, we are bound by the trial court's negative assessment of Mrs. Woy's credibility. We find, therefore, that appellant failed to establish by clear and convincing evidence appellee's non-access to his wife at the time of conception.

Appellee husband, by contrast, never vacillated before the trial court regarding the paternity of John Wesley. *See Everett, supra,* 425 Pa.Super. at 593, 625 A.2d at 1255 (although mother frequently equivocated concerning the identity of the natural father, husband never denied paternity; absent evidence that husband was incapable of procreation or lacked access to mother at the time of conception, putative father could not rebut the presumption of legitimacy). Rather, he sought custody of John Wesley, unequivocally acknowledging paternity and accepting full responsibility. N.T. 11/2/92 at 5–8. *See contra Selm v. Elliott,* 411 Pa.Super. at 608, 602 A.2d at 361 (presumption overcome when husband/presumptive father failed to accept the child as his own, to provide financial or emotional support to the child, or to rebut testimony that he was impotent at the time of conception). Based on the record before us, we conclude that appellant has failed to

overcome by clear and convincing evidence the presumption that John Wesley is a child of the marriage.

The lower court deemed its denial of appellant's petition to intervene to be in the best interests of the child. As stated, John Wesley was born while husband and wife were living together. The couple treated him as a child of the marriage. Moreover, appellee husband has acted as the primary custodian and caregiver. We conclude that the lower court has not abused its discretion in this regard. *See McMillen v. McMillen,* 529 Pa. 198, 202, 602 A.2d 845, 846 (1992) (applying "best interests of the child" standard to custody proceeding and noting that an appellate court may interfere with a trial court's custody determination only when there has been a gross abuse of discretion).

Order affirmed.