J-A11010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CONNIE REESE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PAMELA TYLER, | |
| Appellee | No. 1769 MDA 2016 |

Appeal from the Judgment Entered January 11, 2017
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): CV-2015-001766-CV

BEFORE:  SHOGAN and MOULTON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED JULY 18, 2017**

Appellant, Connie Reese, appeals from the judgment entered on January 11, 2017, in favor of Appellee, Pamela Tyler.  We affirm.

In its October 14, 2016 opinion and verdict, the trial court made the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. The relationship between the parties is that [Appellant] is the mother and [Appellee] is [Appellant's] adult daughter.

2. On December 4, 2003, [Appellant] cosigned a promissory note for a $20,000 student loan which covered [Appellee's] living expenses while she obtained her Master's Degree from Marywood University.

_____

[*]  Former Justice specially assigned to the Superior Court.

3. [Appellant] cosigned the loan in part so that [Appellee] and [Appellee's] teenage daughter could have [money to pay for] expenses and not have to live with [Appellant].

4. December 4, 2003, [Appellee] promised and intended to repay the student loan herself.

5. [Appellant] was aware and would contact [Appellee] about late payments made by [Appellee].

6. [Appellee] failed to repay her student loan and made minimal payments, with her last payment being May 28, 2009.

7. As of November 24, 2009, [Appellant] was aware that [Appellee] was at least 165 days past due and that the entire balance and accrued interest would be due in full unless [Appellant] took action at that time.

8. After [Appellee] stopped paying on the student loan, [Appellant] did not contact [Appellee] about [Appellant's] payments on [Appellee's] loan except through an attorney.

9. In April 2010, [Appellant] obtained legal advice concerning the loan.

10. On April 29, 2010, [Appellant's] attorney wrote to [Appellee] threatening to commence litigation if [Appellee] failed to contact Counsel.

11. On October 8, 2011, [Appellant] obtained a secondary mortgage loan in the amount of $34,000 and used $21,369.13 … to pay the student loan debt in full.

12. [Appellee] did not communicate with [Appellant] or her attorney about the debt once [Appellee] stopped paying on the student loan.

13. [Appellee] did not conceal her residence, employment or whereabouts from [Appellant].

14. Indeed, [Appellant] was aware of [Appellee's] address, location of work, and knew of places to find [Appellee], such as when she [would] go out to dinner on [a] regular weekly basis, and attend family functions.

15. [Appellant's] Complaint [was] filed in the instant suit on July 24, 2015, which is more than four years after the [May 28, 2009] breach of contract.

16. The contract did not involve an ongoing relationship for services to be provided but instead involved a promise to pay money.

**CONCLUSIONS OF LAW**

1. [Appellant's] claim is based upon a breach of an oral contract with [Appellee] that [Appellant] would co-sign the student loan and [Appellee] agreed to pay it herself.

2. Breach of contracts are governed by a four year statute of limitations under 42 Pa. C.S. [§]5525(a)(8).

3. The breach and right to maintain suit arose on May 28, 2009, the date of the last payment, and certainly started to run upon notice to [Appellant] on November 24, 2009.

4. The instant suit was commenced more than four years after those dates.

5. The instant suit is barred by the four year statute of limitations.

6. Because the obligations in this matter are governed by contract, the unjust enrichment claim fails as a matter of law.

7. The contract did not constitute a continuing contract for purposes of tolling the statute of limitations, as no services were rendered pursuant to a relationship between the parties.

8. The doctrine of fraudulent concealment does not apply because [Appellant] was well aware of the nature of her injury at the time [Appellee] stopped paying on the student loan and indeed threatened to sue well within the statute of limitations.

9. [Appellee] did not acknowledge or reaffirm the debt so as to restart the limitations period.

Trial Court Opinion, 10/14/16, at 1-3.

Verdict was entered in favor of Appellee on October 14, 2016. On October 19, 2016, Appellant filed a document entitled "Motion to Reconsider." On October 25, 2016, the trial court denied Appellant's motion. Appellant filed an appeal to this Court on October 27, 2016, from the order denying her motion to reconsider. On November 1, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed her Pa.R.A.P. 1925(b) statement on November 3, 2016.

On November 17, 2016, this Court issued a rule to show cause why the appeal should not be quashed due to Appellant's failure to preserve her issue on appeal in a post-trial motion as opposed to a motion for reconsideration. Additionally, this Court informed Appellant that judgment had not been entered on the verdict. On January 9, 2017, this Court filed an order noting that Appellant failed to respond to the rule to show cause. However, the order discharged the November 17, 2016 rule to show cause and referred the preservation-of-issues matter to the merits panel. Finally, the January 9, 2017 order directed Appellant to praecipe for the entry of judgment on the verdict. Thereafter, Appellant filed her praecipe, and judgment was entered on January 11, 2017.

Before we address the merits of Appellant's appeal, we must dispose of the procedural issue mentioned above. As noted, following the verdict, Appellant filed a document entitled "Motion to Reconsider." Appellant then

failed to avail herself of the opportunity to comply with this Court's rule to show cause and explain why her appeal should not be quashed. It is well settled that in order to preserve issues for appeal, the appellant must file a post-trial motion. Pa.R.C.P. 227.1(b). A motion to reconsider is not a post-trial motion. ***Moore v. Moore***, 634 A.2d 163, 166 (Pa. 1993).

However, while a motion for reconsideration is not the same as a post-trial motion under Pa.R.C.P. 227.1, when a party files a timely motion for post-trial relief within ten days of the court's verdict and the trial court addresses the issues raised, this Court may deem the issues preserved for appellate review even where the motion was erroneously titled as a motion to reconsider rather than a post-trial motion. ***See Gemini Equipment Co. v. Pennsy Supply, Inc.***, 595 A.2d 1211, 1214 (Pa. Super. 1991) (holding that issues raised in timely motion for reconsideration are preserved for appeal under Pa.R.C.P. 227.1 where the motion was essentially a mislabeled motion for post-trial relief). In other words, "[w]e will not construe the rules of procedure so narrowly as to allow a minor procedural error to affect the substantive rights of the litigants." ***Id***.

Here, the relief requested was effectively a post-trial motion asking the trial court to deem the underlying contract between Appellant and Appellee an installment contract and find the complaint filed within the statute of limitations. Thus, Appellant asked the trial court to change its decision, relief which is specifically contemplated under Pa.R.C.P. 227.1(a)(4).

Accordingly, we decline to quash this appeal due the procedural misstep and shall address the appeal on its merits.

Appellant raises the following issues for this Court's consideration:

1. Whether the issue of continuity or instalment contract was waived by the appellant.

2. Whether the trial court erred in failing to consider the student loan as an installment or periodic payment after May 7, 2009, and each was a separate and distinct cause of action.

Appellant's Brief at 4 (verbatim).

In Appellant's first issue, she challenges the trial court's conclusion that she waived her argument that the agreement was a continuing contract. In its Pa.R.A.P. 1925(a) opinion, the trial court stated that Appellant did not allege in her complaint that there was a continuing contract and that the claim never was raised or argued. Pa.R.A.P. 1925(a) Opinion, 12/23/16, at 1-2. After review, we conclude that while this claim is not raised with specificity in the complaint, Appellant did raise this argument in her pretrial memorandum,[1] at trial,[2] in the motion for reconsideration that we earlier determined to be a post-trial motion,[3] and in her Pa.R.A.P. 1925(b)

---

[1] Pre-trial Memorandum, 9/28/16, at 2.

[2] N.T., 9/30/16, at 73.

[3] Motion for Reconsideration, 10/19/16, at ¶9.

- 6 -

statement.[4] Accordingly, we decline to find waiver, and we shall address Appellant's claim on its merits.

In her second issue, Appellant argues that the trial court erred in failing to find that the loan was a continuing contract after May 7, 2009, and each missed payment was a separate cause of action tolling the statute of limitations. We disagree.

The applicability of a statute of limitations is a question of law; our scope of review is plenary, and our standard of review is *de novo*. ***Ash v. Continental Ins. Co.***, 932 A.2d 877, 879-880 (Pa. 2007). It is undisputed that the statute of limitations for bringing suit for breach of contract is four years. 42 Pa.C.S. § 5525. Appellant and Appellee entered into their agreement on December 4, 2003. N.T., 9/30/16, at 7, 20. The trial court found that Appellant had actual notice that Appellee was in breach of the agreement on May 28, 2009, when Appellee made her last payment, or at the latest, November 24, 2009, when Appellant was informed by a collections agency that the loan she cosigned was due. ***Id***. at 23-24. Evidence of this notice is apparent as Appellant had an attorney write to Appellee regarding Appellee's breach on April 29, 2010. ***Id***. at 11. However, Appellant did not file her complaint until July 24, 2015, which is more than four years after November 24, 2009. Complaint, 7/24/15. Thus,

_____

[4] Pa.R.A.P. 1925(b) Statement, 11/3/16, at ¶1.

the trial court concluded that Appellant's claim for breach of contract was barred. Trial Court Opinion, 10/14/16, at 3.

Appellant asserts that the trial court erred when it concluded that the suit was barred by the statute of limitations because the contract was a continuing contract. Appellant's Brief at 10. The statute of limitations relative to a continuing contract is determined as follows:

> When a contract is continuing, the statute of limitations will run either from the time when the breach occurs or when the contract is in some way terminated. **S.T. Hudson Eng. v. Camden Hotel Dev.**, 747 A.2d 931, 934 (Pa. Super. 2000). In addition, the "acknowledgement doctrine" "provides that a statute of limitations may be tolled or its bar removed by a promise to pay the debt." **Id**. "A clear, distinct, and unequivocal acknowledgement of a debt as an existing obligation, such as is consistent with a promise to pay, is sufficient to toll the statute." **Id**. at n. 5 (citation omitted).

**Crispo v. Crispo**, 909 A.2d 308, 313 (Pa. Super. 2006). "The test of continuity, so as to take the case out of the operation of the statute of limitations, is to be determined by the answer to the question whether the services were performed under one continuous contract, whether express or implied, with no definite time fixed for payment, or were rendered under several separate contracts." **Thorpe v. Schoenbrun**, 195 A.2d 870, 872 (Pa. Super. 1963).

Appellant argues that where continuing payments are owed, a separate and distinct cause of action accrues for each payment as it becomes due. Appellant's Brief 12 (citing **Ritter v. Theodore Pendergrass Teddy Bear Productions, Inc.**, 514 A.2d 930, 935 (Pa. Super. 1986)).

While this is a correct statement of law, it is inapplicable to the facts of the case at bar.

*Ritter* involved outstanding payments, payments due at the time of the lawsuit, and potential future payments. *Ritter*, 514 A.2d at 935. Thus, the Court concluded it could not determine when the statute of limitations began to run for each missed payment. *Id*. The situation in the instant case is markedly different, and Appellant conflates the obligations of the parties in attempting to have her contract with Appellee deemed a continuing contract.

The trial court here concluded that Appellant and Appellee agreed that Appellant would co-sign a promissory note, Appellee would repay the note, and the terms of that note were fixed. Trial Court Opinion, 10/14/16, at 4. When Appellee failed to meet her repayment obligation, she was in breach of her agreement with the lender, and the full amount of the loan was due. Appellee's breach of her agreement with the lender obligated Appellant to repay the note. Thus, Appellee's breach of her agreement with the lender was also a breach of her agreement with Appellant. No installment payments or continuing contingencies existed between Appellee and Appellant, and this fact distinguishes our case from *Ritter*, making the continuous contract-doctrine inapplicable. Indeed, the statute of limitations began running at the time of Appellee's breach.

Therefore, because we agree with the trial court that no further installments were contemplated, and the statute of limitations began to run at the time of the breach, we also agree with the trial court that, even if we use the later November 24, 2009 date as the date of the breach, the July 24, 2015 complaint was untimely. Thus, Appellant's claims are barred by the statute of limitations.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the January 11, 2017 judgment entered in favor of Appellee.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017