J-S11031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| HAIYING XI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| TAAHIRAT WESTLEY AND KENNETH | : | |
| TYLER | : | |
| | : | |
| Appellees | : | No. 2787 EDA 2022 |

Appeal from the Judgment Entered March 13, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 220402026

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED AUGUST 22, 2023**

Appellant, Haiying Xi, appeals *pro se* from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellees, Taahirat Westley and Kenneth Tyler (tenants), and against Appellant (landlord) on Appellant's landlord-tenant action seeking repossession and monetary damages. We affirm.

The relevant facts and procedural history of this case are as follows. On April 19, 2022, the Philadelphia Municipal Court found against Appellant and in favor of Appellees on Appellant's landlord-tenant action seeking repossession of a rental property and monetary damages for property damage and breach of the lease agreement. On April 26, 2022, Appellant appealed to the Philadelphia Court of Common Pleas, seeking a trial *de novo*, and filed a complaint raising the same claims he raised at the Municipal Court level. On

October 3, 2022, the trial court held a bench trial and found that Appellant was not entitled to relief because he failed to attach a valid rental license, certificate of rental suitability, and lead certificate to his complaint. On October 12, 2022, the trial court entered an order finding in favor of Appellees and against Appellant on all claims. Appellant filed a premature notice of appeal on November 2, 2022, before judgment was entered on the verdict.[1] Judgment was subsequently entered on March 13, 2023.[2] On November 3, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and Appellant subsequently complied.

Appellant raises the following issues for our review:

As a rental case appealed from the Municipal Court and after the Municipal Court had examined a rental license and lead certificate before ruling this case, whether the Court of Common Pleas abused its legal discretion or committed an

---

[1] In its opinion, the trial court suggests that Appellant waived all his claims on appeal because he did not file a post-trial motion or otherwise raise his claims before the trial court. Nevertheless, our review of the record shows that Appellant filed a motion for reconsideration on October 4, 2022, after the court announced on the record on October 3, 2022 that it intended to find in favor of Appellees. As the motion for reconsideration raises similar claims as those Appellant now raises on appeal, we decline to find waiver on this ground. *See Gemini Equipment Co. v. Pennsy Supply, Inc.*, 595 A.2d 1211, 1214 (Pa.Super. 1991) (holding that issues raised in timely motion for reconsideration are preserved for appeal where motion was essentially motion for post-trial relief).

[2] We will relate forward Appellant's premature notice of appeal to the date judgment was entered on the verdict. *See* Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

error by claiming that [Appellant] did not have the rental license and lead certificate?

Whether it would be a better solution for the Court of Common Pleas to continue the case, postpone the judgment, and order [Appellant] to provide a copy of a rental license and lead certificate within a required time frame instead of making an easy judgment without any factual ground since [Appellant] did not receive a notice from the court?

Whether the Municipal Court committed a clear error and abused legal discretion by accepting the tenants' allegation which they had informed [Appellant] of the sewage blockage for one year but [Appellant] refused to repair it without requesting [Appellees] to present evidence while they blocked Police officers from reviewing the sewage damage to fulfill a police report required by the insurance company?

Whether the court abused its legal discretion by refusing to determine if police officer could complete a police report inside the house as the insurance company required even a rental license and lead certificate were not filed.

Whether the court abused its legal discretion in its failure to order [Appellees] to be responsible for the cost of repairs for the damages caused by them and to order [Appellees] to pay $100 a day after the lease expired but [Appellees] refused to leave in violation of lease clause V4 and X4.

Whether the court violates [Appellant's] property right protected by Article I Section 1 of the Pennsylvania Constitution or whether it is fair by prohibiting [Appellant] from calculating the loss of rent based on the current fair marketing rate after the old lease expired two years ago and [Appellees] refuse to renew the lease and leave.

Whether the court needs [Appellant's] current rental license and lead certificate to expel [Appellees] as trespassers after they occupy [Appellant's] property without permission.

(Appellant's Brief at 2-3).

Preliminarily, we recognize that appellate briefs and reproduced records

must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal...may be quashed or dismissed." *Id.*

Regarding the argument section of an appellate brief, Rule 2119(a) states:

> **Rule 2119. Argument**
>
> **(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those

- 4 -

where party has failed to cite any authority in support of contention); **Estate of Haiko v. McGinley**, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Additionally, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007).

Further, "it is the responsibility of the [a]ppellant to supply this Court with a **complete** record for purposes of review." **Smith v. Smith**, 637 A.2d 622, 623 (Pa.Super. 1993), *appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994) (emphasis in original). "[A] failure by an [a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined." **Id.** at 623-24. **See also Kessler v. Broder**, 851 A.2d 944 (Pa.Super. 2004), *appeal denied*, 582 Pa. 676, 868 A.2d 1201 (2005) (reiterating appellant's responsibility to produce complete record for appeal).

Instantly, Appellant's brief fails to present any cogent argument to support any of his issues on appeal. Regarding Appellant's claims that he was entitled to collect rent, fees and additional damages from Appellees, Appellant's brief entirely fails to explain how the trial court erred in holding that Appellant was not entitled to relief where he failed to attach a rental license, certificate of rental suitability and lead certificate to his complaint.[3]

---

[3] Section 9-3901(4)(e) of the Philadelphia Code provides:

> **Non-compliance.** Any owner who fails to obtain a rental license as required by § 9-3902, or to comply with § 9-3903 regarding a Certificate of Rental Suitability, or whose rental license has been suspended, shall be denied the right to recover possession of the premises or to collect rent during or for the period of noncompliance or during or for the period of license suspension. In any action for eviction or collection of rent, the owner shall attach a copy of the license.

Phila. Code § 9-3901(4)(e). Additionally, regarding lead certification, the Philadelphia Code states:

> **§ 6-803. Lead Disclosure Obligation.**
>
>         *   *   *
>
> (3) Rental Protections.
>
> (a) No lessor shall enter into a lease agreement with a lessee, other than a renewal lease, to rent any Targeted Housing, or a unit in such Targeted Housing, unless (1) he or she provides the lessee with a valid certification prepared by a certified lead inspector stating that the property is either lead free or lead safe; and (2) the lessee acknowledges receipt of the certification by signing a copy.
>
>         *   *   *

*(Footnote Continued Next Page)*

Appellant does not refute that he failed to attach the required documents but merely makes conclusory statements that the trial court had no legal basis to conclude that Appellant did not have a rental license, certificate of rental suitability and lead certificate. Appellant asserts that the court "should know that when the Municipal Court accepted and ruled the case, it had already examined all required documents." (Appellant's Brief at 8). Nevertheless, Appellant fails to cite to any relevant authority to support his contention that he was not required to attach the documents to his complaint in the Court of Common Pleas because he purportedly attached the documents to his complaint at the Municipal level.[4] **See Lackner, supra**; **Estate of Haiko, supra**; **Butler, supra**. Appellant's failure to include the relevant documents

_____

    **§ 6-809. Remedies.**

                                *    *    *

    (4) Where a lessor does not comply with any provision of Section 6-803(3)(a), the lessor shall be denied the right to collect rent during or for the period of noncompliance.

Phila. Code §§ 6-803(3)(a), 6-809(4).

[4] We reject this argument in any event because Appellant proceeded to a trial *de novo* before the Court of Common Pleas. **See** Phila.Civ.R. 1001.2(a) (stating: "Final orders issued by the Municipal Court in connection with Landlord-Tenant orders pursuant to 42 Pa.C.S. § 1123(a)(3), are appealable to the Court of Common Pleas. The proceeding on appeal shall be conducted *de novo*—meaning that the case starts over and may proceed to a new trial—in accordance with the applicable Rules of Civil Procedures as if the action was initially commenced in the Court of Common Pleas").

- 7 -

in the certified record before us also constitutes grounds for waiver. *See Kessler, supra*; *Smith, supra*.

In addition, Appellant baldly asserts that "the proper way to balance the substantive justice and procedural justice is to continue the case and to order [Appellant] to submit the required documents within the required time." (Appellant's Brief at 9). Again, Appellant fails to make any argument or cite to any relevant authority to demonstrate that the court abused its discretion in deciding not to continue the case. *See Lackner, supra*; *Estate of Haiko, supra*; *Butler, supra*. Moreover, our review of the record shows that Appellant failed to request a continuance at the trial court level. *See* Pa.R.A.P. 302(a) (stating: "Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal").

Appellant also failed to advance any argument that he was entitled to damages based on cost of repairs and/or loss of rent in the absence of proof of a valid rental license, certificate of rental suitability and lead certificate. Although Appellant claims these documents were unnecessary for the court to order Appellees to allow the police to enter the residence to inspect any damage, Appellant supplies no authority to show he was entitled to a court order to allow police to inspect the residence, particularly where he did not proffer a valid rental license and lead certificate. Having failed to develop or

support any of his arguments on appeal, Appellant has waived all his issues.[5]

**See Lackner, supra**; **Estate of Haiko, supra**; **Butler, supra**. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2023

---

[5] Throughout his brief, Appellant also alleges various instances of error by the Municipal Court. This appeal lies from the judgment entered in the Philadelphia Court of Common Pleas following a trial *de novo*. Accordingly, any alleged errors committed by the Municipal Court are not properly before us. **See** Phila.Civ.R. 1001.2(a).