**CRYSTAL LAKE CAMPS, Appellant**

v.

**Dorothy S. ALFORD, Thomas W. Corbett, Jr., PA Attorney General, and Gregory F. Welteroth, Appellees**

**Crystal Lake Camps**

v.

**Dorothy S. Alford, Thomas W. Corbett, Jr., PA Attorney General, And Gregory F. Welteroth,**

**Appeal of Gregory F. Welteroth.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2006.
Filed April 30, 2007.

John Hare, Philadelphia, for Crystal Lake Camps.

Gary T. Harris, Williamsport, for Alford.

Norman M. Lubin, Williamsport, for Welteroth.

Heather J. Vance-Rittman, Deputy Atty. Gen., for Corbett.

BEFORE: FORD ELLIOTT, P.J., LALLY–GREEN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Crystal Lakes Camps (CLC) appeals from the Honorable Nancy L. Butts's order striking the December 9, 2005 judgment that was entered following the Honorable Dudley N. Anderson's November 18, 2005 verdict in favor of CLC on its declaratory judgment claim. CLC asserts that Judge Butts erred in striking the December 9, 2005 judgment because the entry of judgment was necessary to effectuate Judge Anderson's November 18, 2005 verdict. We find that CLC properly praeciped for the entry of judgment and that Judge Butts's order striking the judgment violated the plain language of Pa. R.C.P. 227.4(1)(a) and (2). Accordingly, we reverse Judge Butts's order striking the December 9, 2005 judgment and remand for the prothonotary to reinstate the judgment.

¶ 2 Gregory F. Welteroth also appeals from Judge Butts's order striking the December 9, 2005 judgment. Welteroth contends that given the procedural posture of the case, he was not required to file post-trial motions following Judge Anderson's November 18, 2005 verdict. We conclude that Welteroth's question on appeal is in the form of a hypothetical and inappropriately requests that this Court transcend the boundaries of its review and issue an advisory opinion. Therefore, since this Court is precluded from rendering advisory opinions, we decline to address Welteroth's question.

¶ 3 These consolidated appeals involve the legal application of Pa.R.C.P. 227.4(1)(a) and (2) to Judge Butts's order striking a judgment that was entered following Judge Anderson's verdict in favor of CLC and CLC's subsequent praecipe for the prothonotary to enter judgment. *See* Pa.R.C.P. 227.4. The underlying dispute in this matter concerns the validity of CLC's exercise of its right of first refusal and option to purchase real property pursuant to a lease agreement, when Dorothy Alford, the owner of the real property, first entered into an agreement of sale for the property with Welteroth.

¶ 4 On May 5, 2001, Alford and CLC, a non-profit religious-based corporation, entered into a written lease agreement, whereby Alford leased certain buildings and real property (the Property) situated in Lycoming and Sullivan counties to CLC for use as a camp. The May 5, 2001 lease agreement between Alford and CLC granted CLC both an option to purchase and a right of first refusal. On November 1, 2002, however, Alford and Welteroth entered into an agreement of sale for the Property.

¶ 5 Despite the agreement of sale between Alford and Welteroth, CLC exercised its option to purchase and right of first refusal under the lease agreement. On February 7, 2003, CLC and Alford entered into a written agreement of sale for the Property. Welteroth then filed a *lis pendens* against the Property in both Lycoming and Sullivan counties. On November 11, 2003, CLC and Alford closed the deal and Alford executed and delivered a deed to CLC. Thereafter, CLC commenced suit against Welteroth and Alford because Welteroth's *lis pendens* remained indexed against the Property. Being a non-profit corporation, CLC joined the Attorney General of Pennsylvania in the suit as *parens patriae*. In its complaint, CLC

requested, among other things, a declaratory judgment decreeing that it is the rightful owner of the Property and an order striking the *lis pendens*. Welteroth counterclaimed and requested among other things a declaratory judgment stating that his rights to the Property are superior to CLC's.

¶ 6 On November 8, 2005, the competing requests for declaratory judgment were tried before Judge Anderson, sitting without a jury. After receiving evidence and testimony, Judge Anderson rendered his Opinion and Verdict on November 18, 2005. Judge Anderson found that the purchase option contained in the May 5, 2001 lease between CLC and Alford was valid and enforceable and that CLC properly exercised its right to purchase the Property when it entered into the agreement of sale on February 7, 2003. Judge Anderson's Opinion and Verdict (Anderson, J. Op. & Verd.), 11/18/05, at 6. Judge Anderson concluded that the agreement of sale between Alford and Welteroth had no legal effect and that the deed Alford executed and delivered to CLC on November 11, 2003, passed valid legal title to the Property to CLC. Anderson, J. Op. & Verd., 11/18/05, at 6. Accordingly, Judge Anderson rendered a verdict in favor of CLC and directed that "[u]pon entry of the judgment ... the lis pendens indexed against the property shall be stricken." Anderson, J. Op. & Verd., 11/18/05, at 6–7. On November 28, 2005, Welteroth filed a motion for reconsideration, which Judge Anderson summarily denied on December 7, 2005. CLC then filed a praecipe to enter judgment on December 9, 2005, and the Prothonotary entered judgment in favor of CLC on that same date.

¶ 7 Welteroth did not file an appeal to this Court. Instead, on January 26, 2006, he filed a motion to strike the judgment. On February 15, 2006, Judge Butts granted Welteroth's motion and ordered the December 9, 2005 judgment stricken, concluding that the entry of judgment was "untimely" and "superfluous." Butts, J. Opinion, 3/23/06, at 2. In response to Judge Butts's order striking the judgment, CLC filed a collateral order notice of appeal and a motion for reconsideration or appellate certification. By Order dated March 23, 2006, Judge Butts denied CLC's motion for reconsideration or appellate certification. CLC's collateral order notice of appeal resulted in the instant appeal at 494 MDA 2006. On March 28, 2006, Welteroth filed a notice of appeal at 830 MDA 2006, ostensibly challenging both Judge Andersons' verdict and Judge Butts's order striking the judgment. On June 23, 2006, this Court *sua sponte* consolidated the above-mentioned appeals.

¶ 8 In its appeal, CLC raises the following question for our review:

I. WHETHER JUDGE BUTTS ERRED IN STRIKING THE JUDGMENT ENTERED ON DECEMBER 9, 2005 BECAUSE THAT JUDGMENT WAS NECESSARY TO EFFECTUATE JUDGE ANDERSON'S VERDICT ENTERED ON NOVEMBER 18, 2005?

Brief for CLC at 5.

¶ 9 In his appeal, Welteroth raises the following question for our review:

I. WHETHER THE [TRIAL] COURT ERRED IN CONCLUDING THAT ... GREGORY F. WELTEROTH HAD FAILED TO TIMELY FILE POST–TRIAL MOTIONS IN A BIFURCATED PROCEEDING[?]

Brief for Welteroth at 4. The Office of the Attorney General of Pennsylvania has not filed an appeal in this matter and is identified as an appellee in both instances. The Office of the Attorney General has not presented any questions for our review, and we will consider its brief only to the

extent that it elaborates upon an issue or position raised by CLC and/or Welteroth.

¶ 10 We first deal with CLC's sole question on appeal pertaining to Judge Butts's decision to strike the December 9, 2005 judgment.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

*Forest Highlands Cmty. Ass'n v. Hammer,* 903 A.2d 1236, 1242 (Pa.Super.2006) (internal citations omitted).

¶ 11 To support its claim, CLC contends that Judge Butts erred as a matter of law in striking the judgment. Brief for CLC at 11. Specifically, CLC asserts that since Judge Anderson's verdict was expressly conditioned upon the entry of judgment, it properly praeciped for entry of judgment on December 9, 2005. Brief for CLC at 13. CLC argues accordingly that the prothonotary's entry of judgment was not superfluous or untimely, but rather, was necessary in order to effectuate Judge Anderson's verdict. Brief for CLC at 11–12. Because Judge Butts had no valid reason to strike the judgment, CLC contends that she essentially overruled Judge Anderson's verdict in violation of the coordinate jurisdiction rule. Brief for CLC at 11–12 (citing *Zane v. Friends Hosp.,* 575 Pa. 236, 836 A.2d 25, 29 (2003))(stating that "judges of coordinate jurisdiction should not overrule each other's decisions."). We agree with CLC that Judge Butts erred in striking the December 9, 2005 judgment.

¶ 12 In her opinion, Judge Butts provided the following rational for striking the judgment:

[B]ecause Judge Anderson's November 18, 2005 Opinion and Verdict is final and did not necessitate a praecipe for entry of judgment under the Declaratory Judgment Act, this Court granted Defendant Welteroth's Motion to Strike the *Entry* of Judgment as untimely. [n. 3]. In other words, this Court did not strike Judge Anderson's November 18, 2005 Opinion and Verdict but instead struck the Prothonotary's December 9, 2006 entry of said verdict because, by virtue of the Declaratory Judgment Act, the verdict did not need to be entered in order to be considered final. Once Defendant Welteroth's Motion for Reconsideration was denied, he had thirty (30) days (on or before January 7, 2006) within which to perfect an appeal to the Pennsylvania Superior Court. Since no appeal was taken, although unnecessary, the Plaintiffs could file their Praecipe to Enter Judgment no earlier than January 8, 2006.

n. 3. The Entry of Judgment was also superfluous. *See Jones v. Prudential Prop. & Casualty Ins. Co.,* 856 A.2d 838 (Pa.Super.2004).

Butts, J. Opinion, 3/23/06, at 2–3.

¶ 13 Upon review, we conclude that CLC properly praeciped for the entry of judgment and that Judge Butts's decision to strike the judgment is in direct contravention to the plain language of Pa.R.C.P. 227.4. In relevant part, Pa.R.C.P. 227.4 provides:

**Rule 227.4. Entry of Judgment upon Praecipe of a Party**

[T]he prothonotary shall, upon praecipe of a party:

(1) enter judgment upon ... the decision of a judge following a trial without jury, if

(a) no timely post-trial motion is filed; or

\* \* \* \*

(1) enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so.

Pa.R.C.P. 227.4.

¶ 14 In this case, Judge Anderson entered his decision on November 18, 2005, in the form of a non-jury verdict for CLC and ordered the *lis pendens* stricken upon the entry of judgment. *See* Anderson, J. Op. & Verd., 11/18/05, at 6–7. On November 28, 2005, Welteroth filed a motion for reconsideration, which Judge Anderson denied on December 7, 2005. Our Supreme Court has explicitly stated that a motion for reconsideration is not the functional equivalent of a motion for post-trial relief. *See Moore v. Moore*, 535 Pa. 18, 634 A.2d 163, 166 (1993) ("A motion for reconsideration is not a post-trial motion."). Consequently, Welteroth failed to file a timely post-trial motion within 10 days of Judge Anderson's November 18, 2005 decision. *See* Pa.R.C.P. 227.4(1)(a). Moreover, Judge Anderson did not enter judgment or order the prothonotary to enter judgment in his December 7, 2005 order denying Welteroth's motion for reconsideration. See Pa.R.C.P. 227.4(2). Since Welteroth failed to file a timely post-trial motion and Judge Anderson did not direct the entry of judgment, CLC properly filed a praecipe for the entry of judgment on December 9, 2005, pursuant to Pa.R.C.P. 227.4(1)(a) and (2). Contrary to Judge Butts's opinion, the fact that this case involved a claim under the Declaratory Judgment Act is not dispositive, because Pa.R.C.P. 227.4 is fully applicable to actions in equity that are tried without a jury. See Pa.R.C.P. 227.4, Explanatory Comment—1983 ("The new rule is made applicable to actions at law and in equity and tried with or without a jury."). As such, Judge Butts erred in finding that the prothonotary's entry of judgment on December 9, 2005 was untimely and superfluous.

¶ 15 To support her rationale, Judge Butts's cited this Court's decision in *Jones*, but that case is readily distinguishable. In *Jones*, the appellants instituted a declaratory judgment action against their insurer, and on December 12, 2002, the trial court ruled in favor of the insurer. *See* 856 A.2d at 840. The appellants filed timely post-trial motions on December 23, 2002, which the trial court denied over eight months later on September 5, 2003. *See id.* The appellants subsequently filed a notice of appeal on September 25, 2003, but this Court found the appeal premature and directed the appellants to file a praecipe to enter judgment. *See id.* at 841. After the prothonotary entered the appellants' praecipe for judgment and the appeal resumed, the *Jones* panel stated that the decision to direct the appellants to file a praecipe to enter judgment was "erroneous." *Id.* at 841 n. 2. Specifically, the *Jones* panel cited to our Supreme Court's decision in *Motorists Mutual Ins. Co. v. Pinkerton*, 574 Pa. 333, 830 A.2d 958, 963 (2003), for the proposition that when the trial court denied the appellants' post-trial motions on September 5, 2003, it automatically rendered the December 12, 2002 declaratory verdict a final "judgment" for purposes of appeal. *See Jones*, 856 A.2d at 841 n. 1. Therefore, the court reasoned, "a praecipe would not be appropriate" because under the Declaratory Judgment Act, 42 Pa.C.S. § 7532, the trial court already entered a "judgment" on December 12, 2002. *See id.* at 841 nn. 1–2.

¶ 16 In this case, unlike the situation in *Jones*, Welteroth did not file a timely post-trial motion that was later denied by the trial court. As noted *supra*, Welteroth

instead filed a motion for reconsideration, which is not a motion for post-trial relief. *See Moore,* 634 A.2d at 166. Moreover, in contrast to *Jones,* Judge Anderson expressly conditioned his November 18, 2005 verdict to take effect only "[u]pon *entry* of the judgment." Anderson, J. Op. & Verd., 11/18/05, at 6–7. (emphasis added). Given these procedural disparities, we conclude that *Jones* is not controlling and that its holding is circumscribed by the particular facts and circumstances of that case. Here, Judge Anderson's November 18, 2005 verdict did not become final for purposes of appeal until properly reduced to and entered as a formal judgment under Pa.R.C.P. 227.4. *See* Pa.R.C.P. 227.4 (listing post-trial scenarios in which a party may reduce an order/verdict to judgment and praecipe for the entry of judgment), *and compare with* Pa.R.C.P. 227.1(c), *Note:* (discussing orders that are not subject to post-trial relief and need not be reduced to a final judgment because they are immediately appealable). *See also* Pa. R.A.P. 301, *Note:* ("An appeal may be remanded ... when the order is such that it may be reduced to judgment or final decree and entered in the docket, but such action has not been taken."). Therefore, Judge Butts's reliance on *Jones* was misplaced, and her decision to strike the December 8, 2005 entry of judgment affected Judge Anderson's November 18, 2005 verdict in a manner inconsistent with the coordinate jurisdiction rule. *Cf. Hammer,* 903 A.2d at 1242 ("An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered."); *Friends Hosp.,* 836 A.2d at 29 (stating that "judges of coordinate jurisdiction should not overrule each other's decisions.").

■ ¶ 17 Our decision today follows and effectuates our Supreme Court's holding in *Pinkerton.* In an effort to create uniform procedures for post-trial practice in both actions at law and equity, the Court in *Pinkerton* held that "post-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in Rule 227.1." 830 A.2d at 964. In reaching this conclusion, the Court emphasized that the Declaratory Judgment Act should not "be interpreted to undermine the uniform procedures that [the Supreme Court of Pennsylvania] has devised with respect to post-trial proceedings." *Id. Pinkerton* ultimately evinces the Supreme Court's intent that post-trial practice be dictated primarily by the manner in which a case is disposed, not merely by the form of the action. Hence, declaratory judgment actions, like all others, are subject to post-trial practice when resolved after trial, while actions resolved by peremptory remedies are not. *See Pinkerton,* 830 A.2d at 963 ("[W]here a trial court enters a declaratory order following a trial, parties must file post-trial motions from that order, as they would in any other civil proceeding, before the order may be deemed a final order for purposes of an appeal. On the other hand, where the trial court enters a declaratory order based on a pretrial motion ... the parties are obviously not required to abide by the post-trial practice rules governing civil proceedings."); Pa.R.C.P. 227.1(c), *Note:* ("A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial."). The plain language of Pa.R.C.P. 227.4 makes it clear that the Rule's post-trial procedure is inexorably intertwined with post-trial motion practice under Pa.R.C.P. 227.1. Therefore, by subjecting declaratory judgment actions to the post-trial practice of Pa. R.C.P. 227.4, our decision today is in accord with *Pinkerton's* primary purpose of

achieving procedural uniformity between actions at law and equity. To the extent that this Opinion can be read to be in conflict with *Jones,* we conclude that *Pinkerton,* considered together with Rules 227.4 and 227.1, is controlling authority on the matter and compels the result that we reach today.

■ ¶ 18 Having concluded that Judge Butts erred in striking the judgment, we now turn to Welteroth's question on appeal. Welteroth contends that the trial court erred in determining that he was required to file a timely post-trial motion in order to preserve any challenge to Judge Anderson's declaratory judgment verdict. Brief for Welteroth at 8. Welteroth argues that the trial was bifurcated, separating the actions at law from the declaratory judgment action at equity, and that claims at law remain to be resolved in future proceedings before Judge Anderson. Brief for Welteroth at 8. Consequently, Welteroth reasons that he could wait until after the later "portion" of the trial to file a post-trial motion, including any challenge that he may have to the declaratory judgment verdict. Brief for Welteroth at 11.

■ ¶ 19 Welteroth does not specify which trial court erred in deciding that he was required to file a post-trial motion at the conclusion of the declaratory judgment case. Our review of Judge Butts's opinion and orders reveals that she never determined that Welteroth was required to file a timely post-trial motion. Likewise, our review of Judge Anderson's orders and opinion indicates that he never determined that Welteroth was required to file a timely post-trial motion. As noted *supra,* Welteroth filed neither a post-trial motion nor an immediate appeal from Judge Anderson's November 18, 2005 declaratory judgment in favor of CLC. Therefore, Welteroth's assertion of error presents this

Court with a hypothetical question that has no basis in fact or support in the record; that is, Welteroth, in essence, is asking us to decide whether the trial court *would* err if it concluded in the future that he waived any challenge to the declaratory judgment verdict by failing to file a post-trial motion. This Court cannot and will not issue an advisory opinion. *See Silver v. Zoning Bd. of Adjustment,* 381 Pa. 41, 112 A.2d 84, 87 (1955) ("A court should not render advisory decisions on hypothetical facts."). Accordingly, we decline to address Welteroth's question on appeal.

¶ 20 For the foregoing reasons, we reverse Judge Butts's February 15, 2006 order, remand for the reinstatement of the December 9, 2005 judgment, and decline to address Welteroth's question on appeal.

¶ 21 Order **REVERSED.** Case **RE-MANDED** with instruction that the Prothonotary reinstate the judgment entered in favor of CLC on December 9, 2005. Jurisdiction **RELINQUISHED.**