**John A. LINDER, Individually and as Mayor of City of Chester**

**v.**

**CITY OF CHESTER, Chester City Council, Elizabeth Williams, Councilwoman Nafis Nichols, Councilman Portia West, Councilwoman William A. Jacobs, Esquire, Councilman, Appellants.**

**John A. Linder, Individually and as Mayor of City of Chester, Appellant**

**v.**

**City of Chester, Chester City Council, Elizabeth Williams, Councilwoman Nafis Nichols, Councilman Portia West, Councilwoman William A. Jacobs, Esq., Councilman.**

Commonwealth Court of Pennsylvania.

Decided Sept. 18, 2013.

J. Michael Sheridan, Media, for designated appellant John A. Linder.

Erin K. Clarke, Philadelphia, for appellees.

OPINION BY Judge COHN JUBELIRER.

Before this Court is the issue of whether the Motion for Reconsideration filed with the Court of Common Pleas of Delaware County (trial court) by John A. Linder (Mayor) functioned as a motion for post-trial relief such that it: (1) preserved for appeal the issues raised by the Mayor in the Motion for Reconsideration; and (2) extended by 10 days the filing deadline for the Motion for Post–Trial Relief filed by the City of Chester, Chester City Council, Councilwoman Elizabeth Williams, Councilman Nafis Nichols, Councilwoman Por-

tia West, and Councilman William A. Jacobs, Esq., (collectively, Council), pursuant to Rule 227.1(c) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 227.1(c). For the following reasons, we hold that it did.

■ The merits of these cases, which are not currently before us, involve the question of whether the Council had the authority to adopt various resolutions. (Trial Ct. Op. at 1, July 8, 2013.) After the submission of a joint stipulation of facts and oral argument, the trial court issued an Order on November 8, 2012, holding that the Council had the authority to pass three of the resolutions at issue, but did not have the authority to pass the fourth resolution (Police Commissioner Resolution). On November 19, 2012, the Mayor filed his Motion for Reconsideration asking the trial court to reconsider its Order with respect to one of the three resolutions it held the Council had the authority to pass. On November 29, 2012, the Council filed its Post–Trial Motion for Relief, in which the Council argued that the trial court erred in holding that it did not have the authority to pass the Police Commissioner Resolution. The Mayor filed a Motion to Strike the Council's Post–Trial Motion for Relief on the grounds that the Post–Trial Motion for Relief was untimely pursuant to Rule 227.1(c). The trial court denied, as moot, the Mayor's Motion for Reconsideration and the Council's Post–Trial Motion for Relief by orders dated April 2, 2013, and the trial court entered judgment on April 24, 2013. The Council appealed to this Court and the Mayor filed a cross-appeal. In its July 8, 2013 Opinion (Opinion) in support of its Order, the trial court held that the Council's Post–Trial Motion for Relief was untimely filed.[1] (Trial Ct. Op. at 2.)

---

1. The trial court indicated in its Opinion that, after "multiple conferences between the court

■ By Order dated July 22, 2013, this Court directed the parties to file memoranda addressing the issue of whether the Mayor's Motion for Reconsideration: (1) extended the deadline by which Council had to file its Post–Trial Motion for Relief; and (2) preserved the Mayor's issues for appellate review. The parties have filed their memoranda of law and the issue is now ripe for resolution.[2]

■ Rule 227.1(c) provides that, where there is a trial without a jury, a party has 10 days after the filing of the decision within which to file its post-trial motion; but, if another party files a timely post-trial motion, "any other party may file a post-trial motion within ten days after the filing of the first post-trial motion." Pa. R.C.P. 227.1(c). " 'If an issue has not been raised in a post-trial motion, it is waived for appeal purposes.' " *Hysong v. Lewicki,* 931 A.2d 63, 66 (Pa.Cmwlth.2007) (quoting *L.B. Foster Co. v. Lane Enterprises, Inc.,* 551 Pa. 307, 307, 710 A.2d 55, 55 (1998)). In this case, the Council argues that the Mayor's Motion for Reconsideration fulfilled the function of a post-trial motion for relief, thereby extending the time for the filing of the Council's Post–Trial Motion for Relief.

There is a weight of persuasive authority from the Superior Court supporting the principle that courts should be flexible in considering whether filings may be construed as motions for post-trial relief, although not styled as such. *De Lage Landen Financial Services v. Rozentsvit,* 939 A.2d 915, 922 (Pa.Super.2007), addressed the issue of whether De Lage Landen waived counsel fees by failing to raise them in a post-trial motion. De Lage Landen had filed a "post-trial petition to assess collection and legal costs." *Id.* at 923. The Superior Court held that the petition was a post-trial motion in all but name, performed the same function as a post-trial motion and, therefore, preserved De Lage Landen's claim for counsel fees. *Id.;* *see also Mackall v. Fleegle,* 801 A.2d 577, 580 n. 1 (Pa.Super.2002) (briefly stating that a motion "improperly styled as a motion to reconsider" preserved an appellant's issues for review because it was "actually a motion for post-trial relief").

Similarly, in *Gemini Equipment Co. v. Pennsy Supply, Inc.,* 407 Pa.Super. 404, 595 A.2d 1211, 1213 (1991), the Superior Court addressed the argument of whether the appellant, Gemini Equipment, had waived its issues by failing to file a post-trial motion. Gemini Equipment had filed a petition titled as a petition for reconsideration, in which it asked the trial court to reconsider its refusal to award special damages and the inclusion of superfluous comments in its opinion. *Id.* The Superior Court noted that, pursuant to Rule 227.1(a)(4), "a post-trial motion may ask the court to affirm, modify or change its decision." *Gemini Equipment Co.,* 595 A.2d at 1214. Because the motion for reconsideration served this function, the Superior Court held that the motion for reconsideration functioned to preserve Gemini Equipment's issues, stating "[w]e will not construe the rules of procedure so

and the parties" the trial court thought the parties' issues had been resolved and this is the reason it dismissed a number of the parties' motions as moot on April 2, 2013. (Trial Ct. Op. at 1.) This Court's opinion does not address the parties' arguments with regard to the substantive merits of the case, but only whether any issues regarding the merits have

been preserved so they can be reviewed by this Court.

**2.** "When reviewing the trial court's denial of post-trial motions, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Commonwealth ex rel. Corbett v. Manson,* 903 A.2d 69, 73 n. 4 (Pa.Cmwlth.2006).

narrowly as to allow a minor procedural error to affect the substantive rights of the litigants." *Id.*

The Mayor cites *Moore v. Moore*, 535 Pa. 18, 25, 634 A.2d 163, 166 (1993), and *Crystal Lake Camps v. Alford*, 923 A.2d 482 (Pa.Super.2007), for the principle that a motion for reconsideration may not be considered to serve the purpose of a motion for post-trial relief. These cases, however, are distinguishable from the cases discussed above.

In *Moore*, the trial court initially entered an order, on February 10, 1989, awarding physical custody of a child to the child's father. *Moore*, 535 Pa. at 22, 634 A.2d at 165. The trial court reasoned that, because the father had physical custody of the child from September 1988 up until the trial court's hearing, granting the father physical custody maintained the status quo. *Id.* at 22–23, 634 A.2d at 165. The child's mother, who had been attending college in Florida, withdrew from college and relocated back to Pennsylvania. *Id.* at 23, 634 A.2d at 165. She filed a motion for reconsideration on February 28, 1989, arguing that the trial court had abused its discretion and that the period from September 1988 to February 1989 did not accurately reflect the status quo and that the trial court needed more information in order to determine what custody arrangement would be in the best interest of the child. *Id.* Following argument, the trial court timely granted the motion for reconsideration, vacated its February 10, 1989 order and scheduled a supplemental hearing. *Id.* Following the supplemental hearing, the trial court awarded primary physical custody to the mother. *Id.* at 24, 634 A.2d at 166. On appeal, the Superior Court held that the mother's motion for reconsideration was essentially a post-trial motion, which is prohibited in custody cases, per Rule 1915.10(b) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1915.10(b),[3] vacated the trial court's order granting custody to the mother, and reinstated the February 10, 1989 order granting custody to the father. *Moore*, 535 Pa. at 24, 634 A.2d at 166.

■ The Supreme Court of Pennsylvania reversed the Superior Court and reinstated the trial court's custody order to the mother, holding that the Superior Court erred in considering the mother's proper and permissible motion for reconsideration[4] as an impermissible post-trial motion. *Id.* at 25, 31, 634 A.2d at 166, 170. In doing so, the Supreme Court highlighted the inapplicability of post-trial motions in custody matters, stating "post-trial motions are an unnecessary step in a custody appeal as the concept of waiver would be inappropriate in a case where the welfare of the child is the ultimate concern of the Court." *Id.* at 25, 634 A.2d at 166–67 (citing *Seger v. Seger*, 377 Pa.Super. 391, 547 A.2d 424 (1988)). This is significantly different from the cases discussed above, which dealt with the question of whether motions not titled as post-trial motions could function as post-trial motions for the purpose of preserving issues for appeal. Instead, the Supreme Court in *Moore* held that, when post-trial motions were not permitted, the Superior Court erred in requiring that a trial court treat a properly-filed

---

**3.** Rule 1915.10(b) provides that "[n]o Motion for Post–Trial Relief may be filed to an order of custody, partial custody or visitation." Pa. R.C.P. No. 1915.10(b).

**4.** Citing Rule 1701(b)(3), the Supreme Court emphasized that "[a] trial court always has the authority to reconsider its own judgment. The question of whether or not to exercise that authority is left to the sound discretion of the trial court." *Moore*, 535 Pa. at 25, 634 A.2d at 167.

motion for reconsideration as an improper post-trial motion. *Id.* at 26, 634 A.2d at 167.

█ In *Crystal Lake,* the Superior Court considered whether Crystal Lake Camps properly filed a praecipe for the entry of judgment and whether the trial court thereafter had the authority to strike the judgment. Rule 227.4(1)(a) provides that a prothonotary shall enter judgment upon the filing of a praecipe when "no timely post-trial motion is filed." Pa. R.C.P. No. 227.4(1)(a). In *Crystal Lake,* one of the parties, Welteroth, filed a motion for reconsideration ten days after the trial court's decision. Thereafter, Crystal Lake Camps filed a praecipe for the entry of judgment, and the prothonotary entered judgment in favor of Crystal Lake Camps. The trial court, however, subsequently struck the judgment pursuant to Rule 227.4(1)(a) on the ground that the motion for reconsideration was a post-trial motion. The Superior Court held that Welteroth's motion for reconsideration did not constitute a post-trial motion; therefore, Crystal Lakes Camps' praecipe was proper and the trial court should not have stricken the judgment. *Crystal Lake,* 923 A.2d at 487. The Superior Court specifically noted, however, that: (1) no decision or opinion by the trial court held that Welteroth was required to file post-trial motions at the conclusion of his declaratory judgment case in order to preserve issues for appellate review; and (2) Welteroth did not appeal from the trial court's declaratory judgment in favor of Crystal Lake Camps. *Id.* at 489. Therefore, the Superior Court declined to rule on the hypothetical question of whether Welteroth would have to file a post-trial motion in order to preserve issues regarding the declaratory judgment verdict for appeal. Thus, *Crystal Lake* was not decided in the context of whether a motion for reconsideration functioned as a motion for post-trial relief to preserve a party's issues for review. Insofar as *Crystal Lake* may conflict with the Superior Court cases cited above, we find *De Lage Landen* and *Gemini Equipment Co.* more convincing, keeping in mind that "the law favors appeals and a review on the merits is preferred." *First Valley Bank v. Steinmann,* 253 Pa.Super. 8, 384 A.2d 949, 951 (1978).

█ Courts are to construe the Rules of Civil Procedure liberally per Pa. R.C.P. No. 126. In addition, the timeliness provision of Rule 227.1 is not jurisdictional in nature. *Coyne v. Allegheny,* 129 Pa. Cmwlth. 554, 566 A.2d 378, 379–80 (1989). Keeping these principles in mind we are persuaded by the cases from the Superior Court, discussed above, that a motion for reconsideration that serves the purposes of a motion for post-trial relief may be considered a motion for post-trial relief for purposes of Rule 227.1. In this case, the Mayor's Motion for Reconsideration served the purpose of a motion for post-trial relief in that it asked the trial court to modify its Order and specified the grounds for that relief. *See* Pa. R.C.P. No. 227.1(a)(4), (b)(2) (stating that in response to a motion for post-trial relief, a trial court may modify its order, and that a motion for post-trial relief must specify the grounds for the relief sought).

Therefore, for the above reasons, we hold that the Mayor's Motion for Reconsideration functioned as a motion for post-trial relief, thereby preserving the issues raised therein for appellate review and extending by 10 days the time period for filing of the Council's Post–Trial Motion for Relief.

### ORDER

**NOW,** September 18, 2013, upon consideration of the memoranda of law filed on August 16, 2013 and August 19, 2013 by

the parties in the above-captioned matters, as required by our order of July 22, 2013, this Court concludes that the issues in this matter have been properly preserved for appellate review.

The Chief Clerk is hereby directed to set briefing schedules for these matters.