J. A03005/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL DOTY AND | : | IN THE SUPERIOR COURT OF |
| BARBARA DOTY-CONKLIN, | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS CORCORAN, | : | |
| | : | |
| Appellant | : | No. 947 EDA 2015 |

Appeal from the Judgment Entered June 17, 2015
In the Court of Common Pleas of Pike County
Civil Division No(s).: 2453 Civil 2009

BEFORE: GANTMAN, P.J., MUNDY,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                                    **FILED MARCH 09, 2016**

Appellant, Dennis Corcoran, defendant below, appeals from the June 17, 2015 order granting the "Motion for Order on Decision" filed by Appellees, Michael Doty and Barbara Doty-Conklin, plaintiffs below. We reverse.

The relevant facts and procedural history are as follows. Appellees paid Appellant $25,000 as a deposit during the negotiation of a real estate transaction. The parties did not consummate the transaction. Appellant, however, retained the deposit. Meanwhile, Appellees stored items on Appellant's property without paying a rental fee.

Appellees brought suit seeking to compel Appellant to return the $25,000 deposit. After a non-jury trial, the court awarded Appellees the

return of the $25,000 deposit, less a reasonable monthly rental rate for the space used. The total award was $14,155.26.

Both parties filed Post-Trial Motions, which the trial court denied. Neither party filed a Praecipe to Enter Jugment.

On December 17, 2014, Appellees filed a "Motion for Order on Decision" to compel Appellant to pay the award. Over Appellant's objection, the trial court entered an order on March 5, 2015, granting the motion and directing Appellant to pay the award within 30 days or face sanctions, including contempt of court.

Appellant filed a Notice of Appeal on April 1, 2015. Both Appellant and the trial court timely complied with Pa.R.A.P. 1925.[1] On June 10, 2015, this Court directed Appellant to file a Praecipe to Enter Judgment on the verdict. He complied on June 17, 2015.[2]

Appellant presents the following issue for our review:

> Whether the trial court erred as a matter of law and abused its discretion in directing the appellant to pay a

---

[1] The trial court suggests in its Rule 1925(a) Opinion that Appellant's Rule 1925(b) Statement was too vague to permit appellate review. We disagree. **See Commonwealth v. Laboy**, 936 A.2d 1058, 1060 (Pa. 2007) (declining to find waiver where case was "relatively straightforward" and the record on the issue not voluminous).

[2] **See** Pa.R.A.P. 905(a)(5); **Johnston the Florist, Inc. v. TEDCO Constr. Corp.,** 657 A.2d 511, 513 (1995) (holding appellate jurisdiction may be perfected after a notice of appeal has been filed upon the docketing of a final judgment).

> verdict in the amount of $14,155.26 within thirty (30) days or further sanctions, including contempt of court, would be imposed?

Appellant's Brief at 4.[3]

Appellant argues on appeal that the trial court lacked the authority to grant a "Motion for Order on Decision" because the Rules of Civil Procedure do not authorize the court to enter such an order. Rather, the Rules of Civil Procedure require a party to reduce a verdict to judgment and then proceed with the execution process. *Id.* at 9, citing Pa.R.C.P. 3101, 3102. Appellant claims that by ordering Appellant to pay the verdict within 30 days, the trial court permitted Appellees to circumvent the pertinent rules and allowed them to "formulate a remedy not authorized by law." Appellant's Brief at 9-10. In doing so, Appellant argues, the trial court ignored the basic principles of judgment enforcement. *See id.* at 10.

Appellant's issue on appeal raises a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Scarborough***, 64 A.3d 602, 607 (Pa. 2013).

We agree with Appellant that the Rules of Civil Procedure and well-established case law clearly provide that the proper procedure for a party to collect a monetary verdict is first to reduce the verdict to judgment pursuant

---

[3] It is clear from Appellant's brief that Appellant is not challenging the fact of his owing Appellees $14,155.26, but only the manner in which the trial court ordered him to satisfy that debt.

to Pa.R.C.P. 227.4.[4]  ***See Crystal Lake Camps v. Alford***, 923 A.2d 482, 487 (Pa. Super. 2007) (prothonotary's entry of judgment was appropriate and necessary in order to effectuate judge's verdict).  Once the prothonotary has entered judgment on the docket, a party may then initiate the execution process as provided for in Pa.R.C.P. 3102.[5]  There is no legal authority for a order like the one the trial court issued here in which the court would hold a party in contempt of court for failing to pay a judgment.

Order reversed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016

---

[4] In relevant part, Pa.R.C.P. 227.4 provides that following a non-jury trial and the disposition of post-trial motions, and upon praecipe of a party, the prothonotary shall enter judgment on the decision of the judge.  ***See*** Pa.R.C.P. 227.4.

[5] "Except as provided in Rule 3250, a judgment shall be enforced by a writ of execution substantially in the form provided by Rule 3252."  Pa.R.C.P. 3102.