IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Bennett,                        :
               Appellant              :
                             :   No.  565 C.D. 2017
            v.                       :
                             :   Submitted:  February 9, 2018
Natasha Rose and Courtney Wren          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                                FILED:  April 5, 2018


        James M. Bennett (Landlord) appeals from the November 21, 2016 order of the Court of Common Pleas of Philadelphia County (trial court) finding in favor of Natasha Rose and Courtney Wren (collectively, Tenants) with respect to a breach of contract complaint initiated by Landlord.


**Facts and Procedural History**

        The following facts are garnered from the trial court's opinion in this matter as well as the original record.  Landlord is the owner of property located at 2627 South Carroll Street, Philadelphia, Pennsylvania (the property).  Landlord and Tenants executed a lease for the property, commencing December 1, 2010.  The lease ran for a period of two years, until November 30, 2012, at which point the lease was automatically renewed on a month-to-month basis.  On October 9, 2015, Landlord filed a landlord/tenant complaint in Philadelphia Municipal Court seeking to recover $2,210.07 in monetary damages from Tenants, including unpaid rent and utilities, late

fees, attorney's fees, court costs, and other expenses. Landlord also sought a judgment for possession of the property. Approximately one month later, Tenants vacated the property without providing Landlord with the required 60-day notice under the lease. On January 5, 2016, the Philadelphia Municipal Court entered a monetary judgment in favor of Landlord in the amount of $1,109.28 plus $95.50 in costs. Landlord appealed to the trial court.

On February 26, 2016, Landlord filed a separate breach of contract complaint with the trial court alleging that Tenants failed to abide by the terms of the lease and seeking monetary damages in the amount of $11,138.85,[1] which, in addition to the damages sought in the prior complaint, also included the cost of repairs resulting from the substantial damage to the property that Landlord allegedly discovered after Tenants had vacated the property. Following service of this complaint on Tenants and their lack of response, Landlord subsequently filed a praecipe for entry of default judgment in the amount of $11,738.85, a praecipe to issue a writ of attachment, and a notice of intent to attach Tenants' wages. Tenants thereafter filed separate petitions to open judgment, alleging that they were never served with the complaint. Landlord filed answers in opposition to these petitions. By order dated September 30, 2016, the trial court granted the Tenants' petitions, directed them to file an answer to Landlord's complaint by November 1, 2016, and scheduled trial for November 21, 2016.

The trial court conducted a bench trial on this date and entered an order that same day finding in favor of Tenants and against Landlord.[2] As for the reasoning

---

[1] This amount did not include interest.

[2] Landlord and Tenants, the latter having appeared *pro se*, testified at this hearing, as did Alex White, a contractor who performed repairs at the property for Landlord. Landlord admitted a copy of the lease executed by the parties and testified as to the terms of the lease, the extensive damage he discovered after Tenants moved out, and the monies expended to repair this damage. Landlord and

2

of its order, the trial court stated, "No evidence presented regarding a Certificate of Rental Suitability and booklet on Partners for Good Housing given to [Tenants]." Landlord thereafter filed a motion for reconsideration on December 2, 2016, asking the trial court to reverse its decision and enter judgment in his favor. Landlord set forth several reasons in support of his requested reversal, including that the provision of the City of Philadelphia's Property Maintenance Code requiring a Certificate of Rental Suitability was not in effect until 18 months after the parties herein executed their lease and was not retroactive; the lease also pre-dated any requirement to provide a tenant with the booklet on Partners for Good Housing; even if these requirements applied, the same only barred recovery of possession and rent and, here, the majority of the monies sought by Landlord related to damages; Tenants never filed an answer to Landlord's complaint and raised no defense to his claims in writing or at trial; and the trial court improperly raised defenses for Tenants *sua sponte*.[3]

Shortly thereafter, on December 22, 2016, Landlord filed a notice of appeal to the Superior Court.[4] By order dated December 23, 2016, the trial court directed Landlord to file a concise statement of errors complained of on appeal pursuant

White also admitted and testified with respect to photographs taken of the property before repairs were made. Tenants admitted to some of the damage but testified that other claimed damage existed at the time the property was leased. Tenants admitted that they did not provide Landlord with notice of the termination of the lease, but explained that they did not do so because they had received a notice of eviction and had to vacate the property in a hasty manner. Tenants stated that they were agreeable to paying Landlord back rent and repairs totaling $1,204.78. Tenants did not raise any issues concerning a Certificate of Rental Suitability or a booklet on Partners for Good Housing.

[3] In an accompanying brief in support of its motion, Landlord attached a copy of a May 26, 2011 consent order entered in the trial court which discussed revisions to the City's Property Maintenance Code, including the requirements for providing a Certificate of Rental Suitability and booklet on Partners for Good Housing, and specifically indicated that said provisions were to be effective 60 days after the date of the order and were not to be retroactively applied.

[4] By order filed on April 5, 2017, the Superior Court transferred the matter to this Court.

to Pa.R.A.P. 1925(b). Landlord complied with this order and reiterated the issues raised in its motion for reconsideration. The trial court then issued an opinion in support of its order stating that Landlord's failure to file any post-trial motions in accordance with Pa.R.C.P. No. 227.1 resulted in his failure to preserve any issues for appeal and the waiver of any issues raised in his concise statement of errors complained of on appeal. The trial court further concluded that the motion for reconsideration filed by Landlord was not a post-trial motion, citing *Moore v. Moore*, 634 A.2d 163 (Pa. 1993), and *Crystal Lake Camps v. Alford*, 923 A.2d 482 (Pa. Super. 2007), for support.

## Discussion

On appeal to this Court,[5] Landlord reiterates the arguments raised in his motion for reconsideration and concise statement of errors complained of on appeal. Landlord also argues that the trial court erred in failing to consider his motion for reconsideration as a post-trial motion.

We begin with Landlord's latter argument. Pa.R.C.P. No. 227.1 provides, in relevant part, as follows:

> (a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may
>
>> (1) order a new trial as to all or any of the issues; or
>>
>> (2) direct the entry of judgment in favor of any party; or
>>
>> (3) remove a nonsuit; or
>>
>> (4) affirm, modify or change the decision; or

---

[5] Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Johnson v. City of Philadelphia*, 808 A.2d 978, 980 (Pa. Cmwlth. 2002).

(5) enter any other appropriate order.

. . .

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

. . .

(d) A motion for post-trial relief shall specify the relief requested and may request relief in the alternative. Separate reasons shall be set forth for each type of relief sought.

As this Court explained in *M.C. v. Capenos*, 119 A.3d 1092 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 1208 (Pa. 2015):

"Pa.R.C.P. [No] 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enters., Inc.*, 710 A.2d 55, 55 (Pa. 1998). "Only issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal." *Burrell Educ. Association v. Burrell School District*, 674 A.2d 348, 350 (Pa. Cmwlth. 1996). "The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, 805 A.2d 491, 494 (Pa. 2002).

*Id.* at 1098.

The question we are faced with in this case is whether Landlord's motion for reconsideration constituted a post-trial motion under Pa.R.C.P. No. 227.1. This Court has previously considered this exact question and found that it does. *See Arches*

*Condominium Association v. Robinson*, 131 A.3d 122 (Pa. Cmwlth. 2015); *Linder v. City of Chester City Council*, 78 A.3d 694 (Pa. Cmwlth. 2013). In the former case, the Arches Condominium Association (Association) had obtained an award from the common pleas court against Lawrence Robinson for unpaid condominium fees and assessments, plus attorney's fees. Robinson filed a motion for reconsideration with the common pleas court, but the same was denied. Robinson then filed an appeal to the Superior Court, which transferred the matter to this Court. Before this Court, the Association filed a motion to quash Robinson's appeal on the basis that he failed to file any post-trial motions as required under Pa.R.C.P. No. 227.1.

Citing prior cases from this Court and the Superior Court, including *Linder*, 78 A.3d at 696-97, and *Gemini Equipment Company v. Pennsy Supply, Inc.*, 595 A.2d 1211, 1214 (Pa. Super. 1991), Robinson argued that "a motion for reconsideration can function as a post-trial motion for the purposes of preserving issues for appellate review and that the Rules of Civil Procedure should not be 'construe[d] . . . so narrowly as to allow a minor procedural error to affect the substantive rights of the litigants.'" *Arches Condominium Association*, 131 A.3d at 128. Robinson also distinguished *Moore*, one of the cases relied upon by the trial court here, wherein our Supreme Court stated, "A motion for reconsideration is not a post-trial motion." *Moore*, 634 A.2d at 166. Robinson explained the context of that statement by the Supreme Court, as *Moore* involved the Superior Court's erroneous treatment of a mother's motion for reconsideration, which was permitted in custody matters, as a post-trial motion, which was not permitted in such matters.

Ultimately, this Court agreed with Robinson that his motion for reconsideration functioned as a post-trial motion because it requested relief in accordance with Pa.R.C.P. No. 227.1(a)(4). In so doing, we found *Linder*, a reported single-judge opinion from this Court, and our Superior Court's analysis in *Gemini*

6

*Equipment Company*, to be persuasive. We explained that in *Linder*, this Court found that a motion for reconsideration can fulfill the issue preservation function of a post-trial motion. We stated that *Linder* "reviewed persuasive authority from the Superior Court holding 'that courts should be flexible in considering whether filings may be construed as motions for post-trial relief, although not styled as such.'" *Arches Condominium Association*, 131 A.3d at 128-29 (citations omitted).

Furthermore, we noted that *Linder* discussed and distinguished *Moore* and *Crystal Lake Camps*, the two cases relied upon by the trial court here in rendering its decision. Similar to Robinson in *Arches Condominium Association*, we distinguished *Moore* on the basis of the context of that case, *i.e.*, a custody matter in which post-trial motions are not permitted. We observed that the issue in *Linder*, whether motions not titled as post-trial motions could function as the same for purposes of preserving issues for appeal, was not at issue in *Moore*.

In *Crystal Lake Camps*, "the Superior Court considered whether Crystal Lake Camps properly filed a praecipe for the entry of judgment and whether the [common pleas court] thereafter had the authority to strike the judgment," where a motion for reconsideration was filed by Gregory F. Welteroth, one of the parties therein, within 10 days of the entry of the common pleas court's order. *Linder*, 78 A.3d at 698. While the Superior Court ultimately held that the motion for reconsideration did not constitute a post-trial motion and the judgment should not have been stricken, it specifically stated that no decision or opinion by the trial court held that Welteroth was required to file post-trial motions at the conclusion of his declaratory judgment case in order to preserve issues for appellate review and that Welteroth did not appeal from the common pleas court's declaratory judgment in favor of Crystal Lake Camps. In other words, we described the Superior Court as having "declined to rule on the hypothetical question of whether Welteroth would have to file a post-trial motion in

7

order to preserve issues regarding the declaratory judgment verdict for appeal." *Id.* Additionally, we held that *Crystal Lake Camps* "was not decided in the context of whether a motion for reconsideration functioned as a motion for post-trial relief to preserve a party's issues for review" and, to the extent that it may have conflicted with *Gemini Equipment Company*, the latter was "more convincing." *Id.* Further, we noted that Pa.R.C.P. No. 126 directs that the Rules of Civil Procedure be construed liberally and that the timeliness provision of Pa.R.C.P. No. 227.1 was not jurisdictional in nature. *Id.*

In the present case, Landlord filed a motion for reconsideration asking the trial court to reverse its decision and enter judgment in his favor, consistent with the requirements of Pa.R.C.P. No. 227.1(a)(4). Landlord provided specific allegations of error on the part of the trial court which allegedly warranted a reversal. In light of the cases cited above, we must conclude that the trial court erred in concluding that Landlord's motion for reconsideration was not a post-trial motion and that he failed to preserve any issues for appellate review.[6]

---

[6] Pursuant to Pa.R.C.P. No. 227.1(c)(2), post-trial motions must be filed within ten days of the trial court's filing of its decision in a case such as this where a bench trial was held. The trial court's order in this matter was issued on November 21, 2016, and Landlord filed his motion for reconsideration on December 2, 2016, which appears to be just outside the ten-day limit. However, the trial court's order was not entered on the docket until November 22, 2016, and the required notice to the parties under Pa.R.C.P. No. 236 was not sent until November 23, 2016, thereby rendering Landlord's motion for reconsideration/post-trial motion timely filed. *See Agostinelli v. Edwards*, 98 A.3d 695, 703 (Pa. Super. 2014), *appeal denied*, 113 A.3d 278 (Pa. 2015) (holding that the date of filing under Pa.R.C.P. No. 227.1(c)(2) that triggers the ten-day time limit for filing a motion for post-trial relief does not begin to run until notice of entry of the order is docketed and given as required by Pa.R.C.P. No. 236); s*ee also* Pa.R.A.P. 108(b) (stating that "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

8

Accordingly, the trial court's order is vacated and the matter is remanded to the trial court to address the issues raised by Landlord in his motion for reconsideration/post-trial motion.[7]

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] Given our disposition above, we need not address the remaining arguments raised by Landlord.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Bennett,                                 :
            Appellant                      :
                                :   No.  565 C.D. 2017
            v.                               :
                                :
Natasha Rose and Courtney Wren       :

## ***ORDER***

AND NOW, this 5th day of April, 2018, the order of the Court of Common Pleas of Philadelphia County (trial court), dated November 21, 2016, is hereby vacated.  The matter is remanded to the trial court for disposition of the issues raised by James M. Bennett in his motion for reconsideration, with such disposition to be completed within 60 days of the date of this order.  Upon disposition by the trial court, either party may file a further appeal.

       Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge