J-A12017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT GENE REGA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMUNITY HEALTH CHOICES, PA | : | No. 506 WDA 2021 |
| HEALTH AND WELLNESS, A BRIDGE | : | |
| TO INDEPENDENCE, AND THE | : | |
| GREENERY CENTER FOR | : | |
| REHABILITATION AND NURSING | : | |

Appeal from the Order Entered April 8, 2021
In the Court of Common Pleas of Washington County
Civil Division at 3509 CV 2020

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED:  May 13, 2022**

Robert Gene Rega (Appellant) appeals *pro se* from the order sustaining preliminary objections filed by The Greenery Center for Rehabilitation and Nursing (Greenery), Community Health Choices (Community Health), PA Health and Wellness (PA Health) and A Bridge to Independence (ABI) (collectively, Defendants), and dismissing Appellant's complaint with prejudice.  Appellant further challenges the denial of Greenery's motion to strike the complaint pursuant to Pa.R.C.P. 1028(a)(2).  After careful review, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

Relevant to this appeal, in March 2020, Appellant's elderly mother, Joan Mary Rega (Rega), resided at The Greenery, a rehabilitative and nursing residence/facility and service provider for Community Health. *See* Complaint, 7/22/20, ¶¶ 2-3, 16. ABI is a service coordinator entity and subcontractor of Community Health. *Id.* ¶ 4. According to Appellant, Rega suffers from early-stage Alzheimer's Disease, resulting in "physical and cogn[i]tive disabilities[.]" *Id.* ¶ 8. On March 25, 2020, Appellant, a death-row inmate, sent Greenery a copy of a broad durable power of attorney dated April 9, 2019 (POA).[1] *Id.* ¶ 14. The POA purportedly authorized Appellant to make decisions on behalf of Rega, including, *inter alia*, health care and financial decisions. POA, 4/9/19.

On April 27, 2020, Appellant *pro se* filed a writ of mandamus to compel ABI to recognize Appellant as the lawful agent of Rega under the POA. Writ of Mandamus, 4/27/20. Appellant asserted ABI improperly refused to find Rega an in-home healthcare provider, as directed by Appellant. *Id.* ¶¶ 14-18. ABI filed preliminary objections challenging the validity of the POA. On January 20, 2021, the trial court denied the writ of mandamus, concluding the POA was invalid. Trial Court Order, 1/20/21.

On appeal, this Court affirmed the trial court's Order. *See Rega v. A Bridge to Independence*, 260 A.3d 107 (Pa. Super. 2021) (unpublished memorandum). Specifically, this Court concluded that the POA, as it existed

---

[1] Appellant does not specifically allege he served the POA on the other defendants.

prior to May 11, 2020,[2] failed to comply with Chapter 56 of the Probate,

Estates and Fiduciaries Code, 20 Pa.C.S.A. §§ 5601-5614 (POA Code):

> It is undisputed that the POA was not executed in compliance with 20 Pa.C.S.A. 5601(c) and (d), and Appellant failed to meet his burden to prove the POA complied with the POA Code. ***See id.*** § 5601(c) ("In the absence of a signed notice, upon a challenge to the authority of [a purported] agent to exercise a power under the power of attorney, the agent shall have the burden of demonstrating that the exercise of [] authority is proper."); ***accord Vine v. Commonwealth***, 607 Pa. 648, 9 A.3d 1150, 1162 (Pa. 2010) ("In its official comment regarding [the pre-amendment version of subsection 5601(c)], the Legislature specified that a primary purpose of the notice requirement is to protect the principal; it was not evidently aimed at protecting third parties." (superseded by statute)).

***Rega*** (unpublished memorandum at 10). This Court further concluded the

deficiencies rendered the entire POA invalid, despite the presence of a

severability clause. ***Id.***

In the interim, on July 22, 2020, Appellant *pro se* filed the instant six-

count complaint. Appellant asserted causes of action against Defendants

based on their failure to honor the April 9, 2020, POA. ***See*** Complaint,

7/22/20. Appellant set forth the following causes of action:

**Count 1** (against Greenery): Failure to accept POA and comply with an agent's directives

**Count 2** (against Defendants): Interference with a contract

**Count 3** (against Defendants): Negligence

_____

[2] Appellant submitted a new POA Notice and Acknowledgment, which was executed on May 11, 2020.

- 3 -

**Count 4** (against Defendants): Conspiracy

**Count 5** (against Defendants): Alienation of a parent's affections

**Count 6** (against Defendants): Punitive damages

*See id.*

Defendants each filed preliminary objections to Appellant's complaint. All Defendants challenged the validity of the POA's "Notice" as noncompliant with 20 Pa.C.S.A. § 5601(c). Preliminary Objections (Greenery), 8/27/20, ¶¶ 13, 15-18; Preliminary Objections (PA Health), 8/31/20, ¶¶ 14-16; Preliminary Objections (ABI), 9/3/20, ¶ 12. Defendants also challenged the legal sufficiency of Appellant's remaining causes of action.[3] Finally, Defendant Greenery included a motion to strike the complaint pursuant to Pa.R.C.P. 1028(a)(2). Preliminary Objections (Greenery), 9/27/20, ¶ 18. At oral argument, Appellant withdrew Count V, alienation of affections, and Count VI, punitive damages. Trial Court Opinion and Order, 4/8/21, at 3.

The trial court denied Greenery's motion to strike pursuant to Pa.R.C.P. 1028(c)(2) without prejudice to file a motion for sanctions or similar relief. *Id.* at 15. The trial court sustained all of Defendants' preliminary objections, and dismissed Appellant's complaint with prejudice. Trial Court Opinion and *Id.* at 17. Importantly, the court further stated:

---

[3] ABI averred that "Russell Rega, another son to [] Rega, has accepted responsibility of relocating [] Rega from Greenery to a facility closer to her family once the COVID-19 pandemic ends." Preliminary Objections (ABI), 9/3/20, ¶ 19 (citing Exhibit 7 staff notes)).

[T]o the extent that the complaint is an effort by [Appellant] to establish the validity of the power of attorney, that issue is an Orphans' Court matter. … Such matter has been previously transferred to that Division. (**See** Order 11/19/20, at docket 2020-2288)."

Trial Court Opinion and Order, 4/8/21, at 16.

Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents ten issues for review:

**(A)** Whether the court abused its discretion or committed an error of law by concluding that Appellant's directives fell within the purview of a monetary directive thus requiring 20 Pa.C.S.A. § 5601(c) & (d) to be attached[?]

**(B)** Whether the court abused its discretion or committed an error of law in sustaining [Defendants'] preliminary objections as to [Defendants'] specious good faith belief that [Appellant's POA] was not valid contrary to statute when 20 Pa.C.S.A. § 5601(e.2) exempted § 5601(c) & (d) thus negated § 5608.1, where § 5608.1(b)(2)(i) did not apply due to § 5608.1(b)(2)(ii) waiving such requirements[?]

**(C)** Whether the court abused its discretion or committed an error of law in sustaining [Defendants'] preliminary objections by failing to issue an order compelling [Defendants] to accept the power of attorney pursuant to § 5608.1(c)(2) due to the POA being legally valid pursuant to 20 Pa.C.S.A. § 5601(e.2)[?]

**(D)** Whether the court abused its discretion or committed an error of law in denying Appellant[] injunctive relief to compel [Defendants] to comply with Appellant's directives to, *inter alia*, discharge [] Rega as the directives were not monetary in nature, but a medical and/or mental health directive; 20 Pa.C.S.A. § 501(e.2)[?]

**(E)** Whether the court abused its discretion or committed an error of law in sustaining [Defendants'] preliminary objections as to the [Defendants'] interference with Appellant's contract when the POA constituted a contract and [Appellant] also had a verbal contract to "manage all of her needs" as pled; (Cmplt. at ¶¶ 9-10)[?]

- 5 -

**(F)** Whether the court abused its discretion or committed an error of law in sustaining [Defendants'] preliminary objections as to Appellant's negligence cause of action where a duty of care existed pursuant to 20 Pa.C.S.A. § 5608.1(a), and when [Defendants] failed to comply with 20 Pa.C.S.A. § 5608.1(a)(1)(B), and due to § 5601(e.2) negating a good faith belief as § 5601(c) & (d) were not required[?]

**(G)** Whether the court abused its discretion or committed an error of law in sustaining [Defendants'] preliminary objections as to Appellant's conspiracy cause of action when [] PA Health [] circulated a specious letter rejecting Appellant's POA (without performing an independent determination) so as to maintain [] Rega in a nursing home against her will[?]

**(H)** Whether the court abused its discretion or committed an error of law by denying [] the Greenery's motion to strike without prejudice solely for the purpose of allowing them to file sanctions when no legitimate grounds for sanction existed, the [Greenery] failed to comply with Pa.R.C.P. 1023.2(b) notice requirements[,] and the court deliberately failed to issue a time frame for such sanctions to be filed[?]

**(I)** Whether the court abused its discretion or committed an error of law by denying Appellant's right to amend his complaint where said claims as raised therein are of arguable merit upon amendment[?]

**(J)** Whether the court abused its discretion or committed an error of law by failing to hold and construe Appellant's allegations to a less stringent standard in determining whether Appellant stated a claim upon which relief could be granted and/or Appellant's filing satisfied the gist of Appellant's intent pursuant to Pa.R.[C.]P. 1019[?]

Appellant's Brief at 5 (issues reordered for disposition).

Our standard of review in determining whether a trial court erred in sustaining preliminary objections in the nature of a demurrer is well settled. "[A] trial court's decision to grant or deny a demurrer involves a matter of

- 6 -

law, [and] our standard for reviewing that decision is plenary." ***Donaldson v. Davidson Bros.***, 144 A.3d 93, 100 (Pa. Super. 2016) (citations omitted).

> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections.

***Stewart v. FedEx Exp.***, 114 A.3d 424, 426 (Pa. Super. 2015) (citations omitted). "The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven." ***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 354 (Pa. Super. 2015) (citation omitted). Additionally, we "will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Id.***

Appellant's issues (A) through (D) are based upon his claim that the April 9, 2019, POA was valid and enforceable. ***See, e.g.***, Appellant's Brief at 14-15 (arguing this Court erred in previously holding that the defective portions of the POA were not separable); 16 (claiming Defendants did not have a "good faith" belief the POA was invalid and unenforceable); 20 (arguing the validity of the POA); 22 (again arguing the provisions of the POA are separable); 23 (challenging the denial of injunctive relief because the

provisions of the POA were not monetary in nature). Upon review, we conclude Appellant's claims are barred by the doctrine of collateral estoppel.

Our Supreme Court has explained:

Collateral estoppel will bar a court from revisiting an issue decided in an earlier proceeding where it is identical to an issue decided in a prior action, the prior action culminated in a final judgment on the merits, the party to be estopped was (or was in privity with) a party to the prior action, and the party had a full and fair opportunity to litigate the issue in the prior action.

*Mortimer v. McCool*, 255 A.3d 261, 289 (Pa. 2021) (citation omitted).

In *Rega*, *supra*, this Court addressed validity of the POA presently at issue; the prior action resulted in a final judgment on the merits; Appellant was a party in both actions; and Appellant fully and fairly litigated his claim that the April 9, 2019, POA was valid and enforceable.

Pertinently, 20 Pa.C.S.A. § 5601(c) and (d) requires all powers of attorney to include statutorily prescribed "Notice" and "Acknowledgment" sections. *See* 20 Pa.C.S.A. § 5601(c), (d). However, subsections (c) and (d) "do not apply to a power of attorney which exclusively provides for health care decision making or mental health care decision making." 20 Pa.C.S.A. § 5601(e.2).

In deeming the POA invalid, this Court explained:

It is undisputed that the POA was not executed in compliance with 20 Pa.C.S.A. 5601(c) and (d), and Appellant failed to meet his burden to prove the POA complied with the POA Code. *See id.* § 5601(c) ("In the absence of a signed notice, upon a challenge to the authority of [a purported] agent to exercise a power under the power of attorney, the agent shall have the burden of demonstrating that the exercise of [] authority is

- 8 -

proper."); ***accord Vine v. Commonwealth***, 9 A.3d 1150, 1162 (Pa. 2010) ("In its official comment regarding [the pre-amendment version of subsection 5601(c)], the Legislature specified that a primary purpose of the notice requirement is to protect the principal; it was not evidently aimed at protecting third parties." (superseded by statute)).

Contrary to Appellant's assertion, the severability clause is irrelevant **because the entire POA was invalid**. Further, the record belies Appellant's claim that subsection "5601(e.2) exempted the requirements of § 5601(c) & (d)" from the POA. Indeed, the broad, durable POA granted Appellant authority to make many decisions on behalf of [] Rega in addition to medical directives, including financial decisions. Moreover, even if Appellant is correct that he made only medical directives on behalf of [] Rega, this would not alter the fact that **the POA as written was facially invalid under §§ 5601(c) and (d).** We are also unpersuaded by Appellant's reliance on the word "substantially" contained in subsection 5601(d); the POA did not substantially comply with either subsection 5601(d) or subsection 5601(c), the latter of which does not contain the term "substantially."

***Rega*** (unpublished memorandum at 10-11) (emphasis added, citation to Appellant's brief omitted). In ***Rega***, this Court addressed and rejected the claims presently raised by Appellant. ***See id.*** Appellant is thus collaterally estopped from raising the same claims in issues (A) through (D). ***See Mortimer***, 255 A.3d at 289.

In issue (E), Appellant argues the trial court improperly sustained Defendants' preliminary objections to Appellant's action for tortious interference with contractual relations. Appellant's Brief at 25. Appellant asserts the POA qualifies as a "contract." ***Id.*** Once again, Appellant argues Defendants did not, "either jointly or severally, have right, privilege and/or legal justification pursuant to § 5608, *et seq*. to refuse to accept the [POA]."

*Id.* at 27. Appellant claims he sustained the loss of his POA fees as the direct result of Defendants' interference. *Id.*

To state a cause of action for intentional interference with contractual relations, a plaintiff must prove the following elements:

(1) the existence of a contractual relationship between the complainant and a third party;

(2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship;

(3) the absence of privilege or justification on the part of the defendant; and

(4) the occasioning of actual damage as a result of defendant's conduct.

*Salsberg v. Mann*, 262 A.3d 1267, 1270 (Pa. Super. 2021) (citations omitted). Upon review, Appellant failed to establish the third element — the absence of justification.

The POA Code further provides:

A person may not be required to accept a power of attorney if … [t]he person in good faith believes that the power of attorney is not valid or the agent does not have the authority to perform the act requested, whether or not a certification, a translation, an affidavit under section 5606 or opinion of counsel under section 5608(e) has been requested or provided.

20 Pa.C.S.A. § 5608.1(b)(6).

In his complaint, Appellant expressly recognized Defendants' contention that the POA "is invalid purportedly due to the Notice and Agent Acknowledgement not reiterating the exact text as depicted in 20 Pa.C.S.A. § 5601(c) & (d)." Complaint, 7/22/20, ¶ 35. Further, this Court confirmed

the invalidity of the POA. ***Rega***, (unpublished memorandum at 10-11). Under these circumstances, Defendants properly relied on Section 5601(c) and (d) as justification for not accepting the POA. ***See*** 20 Pa.C.S.A. § 5608.1(b)(6) ("A person may not be required to accept a power of attorney if … [t]he person in good faith believes that the power of attorney is not valid."). Appellant's tortious interference claim fails.

In issue (F), Appellant argues the trial court improperly sustained Defendants' preliminary objections to his negligence cause of action. Appellant's Brief at 28. Appellant argues:

> Pursuant to 20 Pa.C.S.A. § 5608.1(c), [Defendants] had a duty of care to comply with Appellant's directives, as they were medical in nature, and did not encompass a monetary matter, thus no Notice and/or Agent Acknowledgment was required as § 5601(e.2) exempted those requirements[;] thus [Defendants] did not act in good-faith as they were required to do an independent review of the [POA] Statute (20 Pa.C.S.A. § 5601, *et seq.*), to determine whether an exemption existed before they rejected the [POA].

***Id.*** at 28-29. Appellant again asserts that by previously accepting the POA, Defendants were precluded from later challenging its validity. ***See id.*** at 29-30.

We have explained:

> "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." ***Schemberg v. Smicherko***, 85 A.3d 1071, 1075 (Pa. Super. 2014). To prove a negligence claim, "the plaintiff must prove the following four elements: (1) **a legally recognized duty** that the defendant conform to a standard of care; (2) the defendant breached that duty; (3) causation between the conduct and the resulting injury; and (4) actual damage to the

- 11 -

plaintiff." ***Reason v. Kathryn's Korner Thrift Shop***, 169 A.3d 96, 101 (Pa. Super. 2017) (citation omitted).

***Zimmerman v. Alexander Andrew, Inc.***, 189 A.3d 447, 452-53 (Pa. Super. 2018) (emphasis added).

Here, the trial court explained,

[Appellant] fails to identify an existing legal duty [D]efendants breached. … [D]efendants had grounds to refuse to accept the power of attorney [Appellant] claims to possess. [Appellant] has not pointed [to], and [the trial] court has not found case authority that imposes a common law duty on [D]efendants to capitulate to [Appellant's] demands.

Trial Court Opinion, 4/8/21, at 11.

Further, Section 5608(f) of the POA Code provides:

A person who has accepted a power of attorney … and has acted upon it by allowing the agent to exercise authority granted under the power of attorney, shall not be precluded from requesting at later times a certification or opinion of counsel … with regard to any further exercise of authority by the agent under the power of attorney.

20 Pa.C.S.A. § 5608(f). Accordingly, Defendants had no legal duty to continue to accept the invalid POA. ***See id.*** As Appellant failed to establish that Defendants breached a legal duty, his negligence claim fails. ***See Reason***, 169 A.3d at 101.

In issue (G), Appellant argues the trial court improperly sustained Defendants' preliminary objections to Appellant's conspiracy cause of action. Appellant's Brief at 28. Appellant claims he established conspiracy based on PA Health's April 29, 2020, letter to all Defendants asserting the POA was invalid. ***Id.*** at 32. Appellant relies on the averments of his Complaint. ***Id.***

at 31-32. However, all averments are premised on the validity of the POA. ***See*** Complaint, ¶¶ 88-95 (averring Defendants acted to prevent Appellant from performing under the POA, thereby causing harm and damages).

The essential elements of a claim for civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage. ***Goldstein v. Phillip Morris, Inc.***, 854 A.2d 585, 590 (Pa. Super. 2004). "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." ***McKeeman v. Corestates Bank, N.A.***, 751 A.2d 655, 660 (Pa. Super. 2000).

Here, Appellant's claim for civil conspiracy is based on allegations that Defendants improperly interfered with the exercise of a valid POA. Because we held the POA is invalid, ***Rega***, ***supra***, no predicate cause of action exists to sustain this claim. Accordingly, Appellant's conspiracy claim fails as a matter of law. ***See Phillips***, 959 A.2d at 437; ***see also id.*** ("The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy.").

In issue (H), Appellant argues the trial court improperly denied without prejudice the Greenery's motion to strike the complaint without prejudice. Appellant's Brief at 32. Appellant claims the trial court denied the motion without prejudice to allow Greenery "to refile a frivolous motion for sanctions

upon remand." *Id.* Appellant proceeds to argue the merits of a motion for sanctions not yet filed by Defendants. *See id.* Appellant inappropriately requests that this Court transcend the boundaries of its review and issue an advisory opinion. As we are precluded from rendering advisory opinions, we decline to address the issue further. *See Crystal Lake Camps v. Alford*, 923 A.2d 482, 484 (Pa. Super. 2007) (declining to issue an advisory opinion on the merits of a hypothetical motion).

In issue (I), Appellant argues the trial court improperly dismissed his complaint with prejudice, thereby denying his "right to amend his complaint, where said claims as raised therein are of arguable merit upon amendment." Appellant's Brief at 34. Appellant argues that once the defects of the POA were cured and he issued new directives, he should have been allowed to amend his complaint. *Id.* We disagree.

The trial court explained:

[Appellant's] claims, though novel, are futile. Though he has attempted to "cure" a deficient notice, he has not provided a proper Acknowledgement. Despite a Complaint including 101 allegations, which combine prolix prose embellished by conclusory claims, he does not set forth a single actionable claim or specify a properly recoverable item of damage.

Further, to the extent that the Complaint is an effort by [Appellant] to establish the validity of the [POA], that issue is an Orphans' Court matter. The Pennsylvania Decedent, Estates and Fiduciaries Code [] provides that mandatory jurisdiction lies in the Orphans' Court division for:

**(22) Agents.** All matters pertaining to the exercise of powers by agents acting under powers of attorney as provided in Subchapter C of Chapter 54 (relating to health

- 14 -

> care agents and representatives) or in Chapter 56 (relating to powers of attorney).
>
> 20 Pa.C.S.A. § 711. **Such matter has been previously transferred to that Division.** (*See* … docket 2020-2288). Clearly, a court sitting in the Civil Division may not determine such matters under the cloak of facially deficient civil action.

Trial Court Opinion, 4/8/21, at 16-17 (emphasis added). Upon review, we adopt the trial court's reasoning.

Finally, in issue (J), Appellant argues the trial court improperly failed to construe Appellant's *pro se* allegations under a "less stringent standard." Appellant's Brief at 12. Appellant argues he has stated claims upon which relief can be granted. *Id.* at 13. Appellant takes exception to the trial court's failure to directly refer to his complaint. *Id.* According to Appellant, "the trial court was partial toward [Defendants] as exhibited throughout the record (the court *inter alia*, constantly telling Appellant to be quiet), and adopted in its opinion, each and every pleading deficiency (although legally meritless), [Defendants] raised so as to [s]ustain their preliminary objections[.]" *Id.*

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted and some formatting altered).

Upon review, and treating as true "all well-pleaded material, factual averments and all inferences fairly deducible therefrom," **Stewart**, 114 A.3d at 426, Appellant's issues are collaterally estopped or legally insufficient. Liberal construction of Appellant's complaint does not alter this result. As such, there is no merit to Appellant's final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2022